Antonio Valla, Esq. (SBN 136256)
Eileen Hansen, Esq. (SBN 148280)
Michael Purcell, Esq. (SBN 229506)
Valla & Associates, Inc., P.C.
1990 N. California Blvd., Suite 1060
Walnut Creek, CA 94596
Telephone: 925.705.7623
Fax: 925.705.7629
E-mail: antonio.valla@vallalaw.com
E-mail: eileen.hansen@vallalaw.com
E-mail: michael.purcell@vallalaw.com

Attorneys for Defendant
OPEN TOP SIGHTSEEING SAN FRANCISCO LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD ROBINSON, JR. oh behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>   vs.<br><br>OPEN TOP SIGHTSEEING SAN FRANCISCO LLC; and DOES 1-20<br><br>       Defendants. | **NOTICE OF REMOVAL OF AMENDED COLLECTIVE AND CLASS ACTION UNDER 28 U.S.C. § 1441(a)**<br><br>**(FEDERAL QUESTION)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NOTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendant Open Top Sightseeing San Francisco LLC ("Open Top") hereby removes to this Court the state court action described below. This court has jurisdiction over the action pursuant to its federal question jurisdiction.

1.    On November 26, 2013, a collective and class action was commenced in the Superior Court of the State of California in and for the City and County of San Francisco,

entitled Harold Robinson, Jr., on behalf of himself and all other similarly situated, Plaintiff vs. Open Top Sightseeing San Francisco LLC and Does 1-20 Defendants, as case number CGC-13-535729. The complaint was not served upon Open Top at that time.

2.     On January 27, 2014, Open Top's agent for service of process, was served with the State Court Action Summons and First Amended Complaint.   This notice is, therefore, timely pursuant to 28 U.S.C. §1446(b).

3.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served upon Open Top in the State Court Action are attached to this Notice as Exhibit A.

5.     The California Superior Court for the City and County of San Francisco is located within the Northern District of California.  This Notice of Removal is, therefore, properly filed and venued in this Court pursuant to 28 U.S.C. §1441(a).

4.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a), in that it arises under the laws of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et. seq.  The first cause of action in plaintiff's amended complaint alleges defendant's failure to pay overtime wages and straight time pay, pursuant to the FLSA; in addition, plaintiffs' amended complaint alleges state law claims related to defendant's alleged failure to pay wages owed the plaintiff.

5.     No other defendants have been named or served at this time.

DATED: February 26, 2014          Valla & Associates, Inc., P.C.


                                  By:    /S/ Eileen M. Hansen_____
                                         Eileen M. Hansen
                                         Attorney for  Defendant
                                         OPEN TOP SIGHTSEEING SAN
                                         FRANCISCO, LLC

# **EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC.; DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HAROLD C. ROBINSON, JR., on behalf of himself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* **13-535729**

Superior Court of the State of California, County of San Francisco
400 McAllister Street, San Francisco, California 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven G. Tidrick, Esq., The Tidrick Law Firm, 2039 Shattuck Ave. #308, Berkeley CA 94704; 510-788-5100

| DATE: **NOV 2 6 2013** *(Fecha)* | CLERK OF THE COURT Clerk, by *(Secretario)* Deborah Steppe | Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date).*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ELECTRONICALLY ISSUED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2013 NOV 26 PM 1:07

CLERK OF THE COURT
BY: _____
DEPUTY CLERK
Deborah Steppe

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|
| THE TIDRICK LAW FIRM; STEVEN G. TIDRICK, SBN 224760 |
| JOEL B. YOUNG SBN 236662; NICOLE E. FORDE SBN 289567 |
| 2039 Shattuck Avenue, Suite 308 |
| Berkeley, CA 94704 |
| TELEPHONE NO.: 510 788 5100          FAX NO.: 510 291 3226 |
| ATTORNEY FOR *(Name):* Harold C. Robinson, Jr., individual and rep.plaintiff |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Robinson v. Open Top Sightseeing San Francisco, LLC et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: CGC - 13 - 535729 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* FLSA, CLC, IWC Wage Order, B&P §17200, SF Admin. Code, etc.
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 26, 2013

Nicole E. Forde, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

⟨⟨⟨ ENDORSED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2013 NOV 26  PM 1: 06

CLERK OF THE COURT

BY:_____
        DEPUTY CLERK
        Deborah Steppe

1   STEVEN G. TIDRICK, SBN 224760
2   JOEL B. YOUNG, SBN 236662
    NICOLE E. FORDE, SBN 289567

3   THE TIDRICK LAW FIRM
    2039 Shattuck Avenue. Suite 308
4   Berkeley, California 94704
    Telephone: (510) 788-5100
5   Facsimile: (510) 291-3226
    E-mail:    sgt@tidricklaw.com
6   E-mail:    jby@tidricklaw.com
    E-mail:    nef@tidricklaw.com

7   Attorneys for Individual and Representative
8   Plaintiff Harold C. Robinson, Jr.

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF SAN FRANCISCO

11                   UNLIMITED JURISDICTION

12                                         C G C - 1 3 - 5 3 5 7 2 9

13  HAROLD C. ROBINSON, JR., on behalf of      Civil Case No.: _____
    himself and all others similarly situated,

14                                         **COLLECTIVE AND CLASS ACTION**
            . Plaintiff,                    **COMPLAINT FOR VIOLATIONS:**
15                                            **(1) FAIR LABOR STANDARDS ACT;**
        v.                                    **(2) CALIFORNIA LABOR CODE;**
16                                            **(3) CALIFORNIA INDUSTRIAL**
    OPEN TOP SIGHTSEEING SAN                       **WELFARE COMMISSION WAGE**
17  FRANCISCO, LLC; and DOES 1-20,                 **ORDERS;**
                                              **(4) CALIFORNIA'S UNFAIR**
18          Defendant.                             **COMPETITION LAW, BUS. &**
                                                   **PROF. CODE §§ 17200 et seq., and**
19                                            **(5) SAN FRANCISCO**
                                                   **ADMINISTRATIVE CODE**
20
                                           **JURY TRIAL DEMANDED**
21

22
            Plaintiff Harold C. Robinson, Jr., on behalf of himself and all others similarly situated,
23
    and all others who consent to become Party Plaintiffs, allege as follows:
24
                              **NATURE OF THE CASE**
25
        1.      Plaintiff was formerly employed as a bus operator (hereinafter "operator" or
26
    "operators") by Defendant Open Top Sightseeing (hereinafter "Defendant") and seeks to
27
    represent other current and former operators in California in this collective and class action
28
                                      1

against Defendant alleging that Defendant has engaged in an unlawful pattern and practice of failing to (a) provide meal and rest breaks and (b) pay its operators for all compensable work performed by such employees, including minimum wage and overtime pay, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, California Labor Code, California Business and Professions Code §§ 17200 *et seq.*, (hereinafter "UCL"), the California Industrial Welfare Commission Order No. 9-2001 (hereinafter "Wage Order No. 9") and the San Francisco Administrative Code. This lawsuit seeks damages resulting from Defendant's failure to pay its operators for time that is necessary and integral to these employees' principal duties, and that is incurred under the control of Defendant and required by Defendant for the benefit and convenience of Defendant. Plaintiff seeks declaratory and injunctive relief, compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, penalties, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

2. The Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure § 410.10 because it is doing business in the State of California, has committed acts or omissions in California with respect to one or more causes of action arising from these acts or omissions, and/or has caused effects in California with respect to one or more causes of action arising from these effects.

3. Venue is proper in the County of San Francisco in accordance with Code of Civil Procedure § 395(a) because at least some of Plaintiff's injury is alleged to have occurred in this county.

4. Venue is proper in this Court under California Code of Civil Procedure § 395.5. Some of the actions alleged herein occurred in the County of San Francisco.

## PARTIES

5. Plaintiff Harold C. Robinson, Jr. was formerly employed by Defendant as an operator. He sues on his own behalf, and as class representative on behalf of similarly situated operators who are or were employed by Defendant within the applicable statute of limitations. A true and correct copy of an executed Consent to Become Party Plaintiff is

2

1  attached hereto as **Exhibit A**. Plaintiff will file additional Consents to Become Party Plaintiff
2  executed by similarly situated operators as they are secured.

3  6.   Defendant Open Top Sightseeing San Francisco, LLC is a private
4  transportation operator providing sightseeing tours to the public with operations throughout
5  California. Defendant Open Top Sightseeing San Francisco is located at 3240 3rd Street, San
6  Francisco, CA 94124.

7  7.   The true names and capacities, whether individual, corporate, associate or
8  otherwise, of each of the Defendant designated herein as DOES are unknown to Plaintiff at
9  this time and therefore said Defendant are sued by such fictitious names. Plaintiff will amend
10  this Complaint to show their true names and capacities when ascertained. Plaintiff is
11  informed and believes and thereon alleges that each Defendant designated herein as a DOE
12  defendant is legally responsible in some manner for the events and happenings herein alleged
13  and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

14  8.   Plaintiff is informed and believes and thereon alleges that each of the
15  Defendant was acting as the agent, employee, partner, or servant of each of the remaining
16  Defendant and was acting within the course and scope of that relationship, and gave consent
17  to, ratified, and authorized the acts alleged herein to each of the remaining Defendant.

18                    **FACTS COMMON TO ALL CAUSES OF ACTION**

19  9.   In violation of the terms of California law and federal law, Defendant has at all
20  material times failed and refused to pay its operators for all compensable: (1) mandatory
21  meeting time, (2) any applicable overtime due for such compensable time (as alleged more
22  fully below), (3) overtime payments in connection with attendance at a mandatory meeting
23  when such attendance causes an operator's total hours worked to exceed forty (40) hours in a
24  given week and/or eight hours in a day.

25  10.   Overtime Claim. Defendant creates work schedules that require operators to
26  work more than eight (8) hours in a day and/or more than forty (40) hours in a week.

27  11.   Despite the requirements of the FLSA and California law, Defendant has failed
28  to pay operators at one-and-one-half times (1.5) times their regular rate of pay (*i.e.*, time-and-

3

1  a-half) when such scheduling causes an operators total hours worked to exceed eight (8) hours
2  in a day and/or forty (40) hours in a week.

3      12.    Meeting Time. Defendant requires operators to attend mandatory meetings
4  while employed by Defendant. The time that operators spend at such meetings is referred to
5  in this Complaint as "meeting time." Defendant required operators to remain "off-the-clock"
6  for these mandatory meetings.

7      13.    This meeting time is caused by Defendant's requirement and is for the
8  convenience/benefit of Defendant only.

9      14.    Despite the requirements of the FLSA, California law, and the San Francisco
10  Administrative Code, Defendant has failed to pay operators for all meeting time actually
11  accrued and had refused to pay operators at one-and-one-half (1.5) times the regular rate of
12  pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40)
13  hours in a week and/or eight (8) hours in a day.

14      15.    Rest Breaks. Pursuant to the IWC Order No. 9, operators are entitled to ten
15  (10) minutes of paid rest break for each four (4) hour period of work or major fraction thereof,
16  which is referred to in this Complaint as "rest break."

17      16.    Defendant's run design and scheduling require bus operators to work through
18  their ten (10) minute period to stay on schedule. As a result, bus operators are not allowed to
19  take their ten (10) minute rest break earned after each four (4) hours worked. Despite the
20  requirements of California law, Defendant has failed to provide operators rest breaks.

21      17.    Meal Breaks. Pursuant to the IWC Order No. 9, operators are entitled to thirty
22  (30) minute meal break for each five (5) hour period of work or major fraction thereof, which
23  is referred to in this Complaint as "meal break."

24      18.    Defendant's run design and scheduling require bus operators to work through
25  their thirty (30) minute period to stay on schedule. As a result, bus operators are not allowed
26  to take their thirty (30) minute meal break earned after each five (5) hours worked. In
27  addition, Operators have specifically requested (30) minute meal breaks when Defendant's
28  run design and schedule did not allow for one. Defendant has often denied those requests.

4

1 Despite the requirements of California law, Defendant has failed to provide operators meal
2 breaks.

3     19.   <u>Time Records</u>. Defendant does not keep accurate records of the actual amount
4 of above-referenced time worked by operators. Defendant's breach of their obligation to keep
5 accurate records of such compensable time has resulted in a lack of accurate records to show
6 exactly how much compensable time operators have spent in such time. Plaintiff is unable to
7 state with precision the amount of such time for which operators are uncompensated, but can
8 reasonably estimate this time based on a review of documents that are in Defendant's sole and
9 exclusive possession. Plaintiff will establish good faith estimates of the amount of his
10 uncompensated compensable time and damages after completing discovery and analyzing
11 Defendant's evidence.

12     20.   <u>Defendant's willful refusal to pay</u>. Defendant has continuously failed to
13 correct the violations described herein. Plaintiff has been deprived of his legally mandated
14 compensation for compensable time, as alleged herein, due to Defendant's willful refusal to
15 pay operators for all such compensable time.

16 <div align="center">**COLLECTIVE AND CLASS ACTION ALLEGATIONS**</div>

17     21.   Plaintiff brings the First Cause of Action (for violations of the FLSA) as an
18 "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf
19 of himself and a proposed collection of similarly situated individuals defined as follows, and
20 hereinafter referred to as the "FLSA Collection":

21                 All individuals who are currently employed, or formerly have been employed,
22                 by Defendant(s) as a bus operator or in an equivalent position in California
23                 within the last three (3) years.

24     22.   Plaintiff and on behalf of other similarly situated operators defined above, seek
25 relief on a collective basis challenging Defendant's policy and practice of failing to pay for all
26 hours worked plus applicable overtime and failing to accurately record all hours worked.
27 Named Plaintiff and the FLSA Collection are similarly situated, have performed substantially
28 similar duties for Defendant, and are uniformly subject to and are currently being subjected to

<div align="center">5</div>

1 Defendant's uniform, class-wide payroll practices, including the policy of and practice of not
2 compensating operators for compensable time as described herein. The number and identity of
3 other similarly situated persons yet to opt-in and consent to be party-Plaintiff may be
4 determined from the records of Defendant, and potential opt-ins may be easily and quickly
5 notified of the pendency of this action.

6     23.     The names and addresses of the individuals who comprise the FLSA Collection
7 are available from Defendant. Accordingly, Plaintiff herein prays for an Order requiring
8 Defendant to provide the names and all available locating information for all members of the
9 FLSA Collection, so notice can be provided regarding the pendency of this action, and of such
10 individuals' right to opt-in to this action as party-Plaintiff.

11     24.     Plaintiff brings the Second through Seventh and Ninth Causes of Action as an
12 "opt-out" class action, defined initially as follows, and hereinafter referred to as the
13 "California Class":

14         All individuals who are currently employed, or formerly have been employed,
15         by Defendant(s) as a bus operator or in an equivalent position in California
16         within the last three (3) years.

17 Excluded from the class are anyone employed by counsel for Plaintiff in this action, and any
18 Judge to whom this action is assigned and his or her immediate family members.

19     25.     Plaintiff brings the Eighth Cause of Action (the claims under § 17200 *et seq*.)
20 as an "opt-out" class action, defined initially as follows, and hereinafter referred to as the
21 "Section 17200 Class":

22         All individuals who are currently employed, or formerly have been employed,
23         by Defendant(s) as a bus operator or in an equivalent position in California
24         within the last four (4) years.

25 Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any
26 Judge to whom this action is assigned and his or her immediate family members.

27     26.     Numerosity. Defendant has employed hundreds of individuals as operators
28 during the relevant time periods.

6

27.    Existence and Predominance of Common Questions.  Common questions of law and/or fact exist as to the members of the proposed classes and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the proposed classes.  The common questions include the following:

    a.  Whether Defendant's policy and practice of not compensating their operators for all meeting time, violates California labor laws;

    b.  Whether Defendant's policy and practice with respect to rest breaks and meal breaks, violates Wage Order No. 9 and/or the California Labor Code;

    c.  Whether Defendant's payroll policies and practices have violated California Labor Code §§ 201, 202, 203, 204 and 226;

    d.  Whether Defendant's practices have violated the UCL;

    e.  Whether the class members are entitled to unpaid wages, waiting time penalties, and other relief;

    f.  Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiff and the class members;

    g.  Whether Defendant's practices have violated the San Francisco Administrative Code; and

    h.  Whether Plaintiff and the proposed classes are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

28.    Typicality.  Plaintiff's claims are typical of the claims of the proposed classes. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and the proposed classes to sustain the same or similar injuries and damages. Plaintiff's claims are therefore representative of and co-extensive with the claims of the proposed classes.

29.    Adequacy. Plaintiff is an adequate representative of the proposed classes because his interests do not conflict with the interests of the members of the classes he seeks

7

to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the proposed classes.

30.     Superiority. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the proposed classes, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

31.     In the alternative, the proposed classes may be certified because:

a.     the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication with respect to individual members of the proposed classes that would establish incompatible standards of conduct for Defendant; and Defendant has acted and/or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to members of the proposed classes as a whole.

## FIRST CAUSE OF ACTION

### Violations of the Fair Labor Standards Act

### (By the FLSA Collection)

32.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

33.     At all material times, Plaintiff and all similarly situated operators who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

8

34. The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

35. At all material times, the meeting time and the practice of scheduling operators for shifts that exceed eight (8) hours in a day and/or forty (40) hours in a week as described above are necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements.

36. At all material times, Defendant has violated the FLSA by failing to pay operators for all meeting time, plus applicable overtime.

37. At all material times, Defendant has violated the FLSA by failing to pay operators at one-and-one-half (1.5) times the regular rate of pay when an operator's total hours worked to exceed forty (40) hours in a week.

38. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by their operators. 29 U.S.C. § 211(c).

39. Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all operators employed by Defendant.

40. Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

41. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

42. As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendant has unlawfully withheld compensation from Plaintiff and all similarly

9

situated individuals. Defendant are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

<div align="center">

**SECOND CAUSE OF ACTION**

**Failure to Pay All Straight Time and/or Overtime Worked in Violation of California Labor Code §§ 510, 1194, 1197, 1198, and 1199; and IWC Wage Order 9-2001**

**(By the California Class)**

</div>

43. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

44. Plaintiff and the proposed California Class have been required by Defendant to work off-the-clock without compensation, in the form of meeting time, which is compensable work time, and Defendant are required by law to pay operators for this time. By failing to compensate operators for all meeting time and applicable overtime, Defendant has violated Wage Order 9 and California Labor Code §§ 510, 1194, 1197, 1198 and 1199.

45. Plaintiff and the proposed California Class have been required and permitted to work shifts lasting over eight (8) hours in duration for which they were not paid overtime wages. Pursuant to Wage Order 9 and California Labor Code §§ 510, 1194, 1197, 1198 and 1199 it is unlawful for an employer to fail to pay at one and one-half (1.5) time the regular rate for all hours worked over eight (8) in a day/or over forty (40) in a week.

46. Pursuant to Wage Order 9 and California Labor Code §§ 1194 and 1198, Plaintiff and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, liquidated damages in an amount equal to the unpaid minimum wages, plus reasonable attorneys' fees and costs.

<div align="center">

**THIRD CAUSE OF ACTION**

**Failure to Provide Itemized Wage Statements in Violation of California Labor Code § 226 and IWC Wage Order 9-2001**

**(By the California Class)**

</div>

47. Plaintiff incorporates by reference all paragraphs above as if fully set forth

<div align="center">10</div>

1  herein.

2   48.   Defendant has failed and continues to fail to provide timely, accurate itemized

3  wage statements to Plaintiff and members of the proposed California Class in accordance with

4  California Labor Code § 226 and Wage Order 9.  The wage statements that Defendant has

5  provided to its operators, including Plaintiff and the proposed California Class members, do

6  not accurately reflect the actual hours worked and wages earned, because they do not include

7  the appropriate amount of time regarding start-end travel time, split-shift travel time,

8  inspection time, waiting time, examination time, license time, and meeting time.

9   49.   Defendant's failure to provide timely, accurate, itemized wage statements to

10 Plaintiff and members of the proposed California Class in accordance with the California

11 Labor Code and the applicable Wage Orders has been knowing and intentional.  Accordingly,

12 Defendant are liable for damages and penalties under Labor Code § 226.

13                    **FOURTH CAUSE OF ACTION**

14        **Waiting Time Penalties Under California Labor Code §§ 201, 202, and 203**

15                          **(By the California Class)**

16   50.   Plaintiff incorporate by reference all paragraphs above as if fully set forth

17 herein.

18   51.   California Labor Code § 201(a) requires an employer who discharges an

19 employee to pay compensation due and owing to said employee upon discharge. California

20 Labor Code § 202(a) requires an employer to pay compensation due and owing within

21 seventy-two (72) hours of an employee's termination of employment by resignation.

22 California Labor Code § 203 provides that if an employer willfully fails to pay compensation

23 promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer

24 is liable for waiting time penalties in the form of continued compensation for up to thirty (30)

25 work days.

26   52.   Certain members of the proposed California Class are no longer employed by

27 Defendant but have not been paid full compensation for all hours worked, as alleged above.

28 They are entitled to unpaid compensation for all hours worked in the form of meeting time,

11

1  and unpaid overtime, for which to date they have not received compensation.

2      53.    Defendant has failed and refused, and continue to willfully fail and refuse, to

3  timely pay compensation and wages to the Plaintiff and members of the proposed California

4  Class whose employment with Defendant have terminated, as required by California Labor

5  Code §§ 201 and 202. As a direct and proximate result, Defendant is liable to Plaintiff and

6  proposed California class members for up to thirty (30) days of waiting time penalties

7  pursuant to California Labor Code § 203, together with interest thereon.

8      54.    WHEREFORE, pursuant to Labor Code §§ 218, 218.5, and 218.6, Plaintiff and

9  Class members are entitled to recover the full amount of their unpaid wages, continuation

10  wages under § 203, interest thereon, reasonable attorneys' fees, and costs of suit.

11                           **FIFTH CAUSE OF ACTION**

12  **Failure To Pay all Wages Owed Every Pay Period Under California Labor Code § 204**

13                           **(By the California Class)**

14      55.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

15  herein.

16      56.    At all times relevant during the liability period, Plaintiff and the other members

17  of each Class were employees of Defendant covered by Labor Code § 204.

18      57.    Pursuant to Labor Code § 204, Plaintiff and members of each Class were

19  entitled to receive on regular paydays all wages earned for the pay period corresponding to the

20  payday.

21      58.    Defendant failed to pay Plaintiff and other similarly situated employees all

22  wages earned each pay period. Plaintiff are informed, believe, and thereon allege, that at all

23  times relevant during the liability period, Defendant maintained a policy or practice of not

24  paying Plaintiff and other similarly situated employees, overtime wages for all overtime hours

25  worked.

26      59.    As a result of Defendant's unlawful conduct, Plaintiff and members of each

27  Class have suffered damages in an amount, subject to proof, to the extent they were not paid

28  all wages each pay period. The precise amount of unpaid wages is not presently known to

12

Plaintiff but can be determined directly from Defendant's records or indirectly based on information from Defendant's records.

60.     WHEREFORE, pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiff and members of the Class are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

### SIXTH CAUSE OF ACTION

**Failure to Allow Meal Periods Pursuant to Labor Code § 226.7 and IWC Order 9-2001**

**(By the California Class)**

61.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

62.     IWC Order No. 9 provides that employees are entitled to a thirty (30) minute meal period for every five (5) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each meal period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over five (5) hours per shift without receiving a thirty (30) minute meal period and/or being permitted to take such meal period.

63.     As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9 Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable, including premium pay for each missed meal break, plus reasonable attorneys' fees and costs, waiting time penalties to those employees no longer employed by Defendant, as well as any penalties that may be applied pursuant to the IWC Order No. 9 and/or the California Labor Code.

### SEVENTH CAUSE OF ACTION

**Failure to Allow Rest Breaks Pursuant to Labor Code § 226.7 and IWC Order 9-2001**

**(By the California Class)**

64.     Plaintiff incorporates by reference all paragraphs above as if fully set forth

13

herein.

65. Wage Order No. 9 provides that employees are entitled to a paid ten (10) minute rest period for every four (4) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each rest period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over four (4) hours per shift without receiving a paid ten (10) minute rest period and/or being permitted to take such rest break.

66. As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9, Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable, including premium pay for each missed rest break, plus reasonable attorneys' fees and costs, waiting time penalties to those employees no longer employed by Defendant, as well as any penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

## EIGHTH CAUSE OF ACTION

**Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.***

**(By the Section 17200 Class)**

67. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

68. Plaintiff brings this claim on behalf of themselves and all others similarly situated in his representative capacity as a private attorney general against Defendant and Does 1 through 20, for their unlawful business acts and/or practices pursuant to the UCL which prohibits all unlawful business acts/or practices.

69. Plaintiff assert these claims as they are representative of an aggrieved group and as a private attorney general on behalf of the General Public and other persons who have been exposed to Defendant's unlawful acts and/or practices and are owed wages that the Defendant should be required to pay or reimburse under the restitutionary remedy provided by the UCL.

14

1    70.    Defendant's failure to properly pay for all hours worked, failure to pay

2    overtime, failure to pay all wages when they were due and upon termination, failure to

3    provide accurate and itemized wage statements, as alleged above, constitutes unlawful and/or

4    unfair business acts and/or practices within the meaning of the UCL.

5    71.    As a result of its unlawful and/or unfair acts, Defendant has reaped and

6    continues to reap unfair benefits and illegal profits at the expense of Plaintiff and Class

7    members. Defendant should be enjoined from this activity and provide restitution by restoring

8    to Plaintiff and the other Class members the wrongfully withheld wages.

9    72.    The acts and practices alleged in the preceding paragraphs occurred in

10   connection with Defendant's conduct of trade and commerce in California.

11   73.    Defendant's misconduct as alleged herein gave Defendant an unfair

12   competitive advantage over its competitors.

13   74.    As a direct and proximate result of the aforementioned acts, Defendant, Does

14   1-20, and each of them, received and continues to hold monies which Plaintiff and the other

15   Class members have a possessory interest in.

16   75.    Defendant's conduct constitutes unlawful and unfair acts or practices

17   conducted in the course of Defendant's respective businesses, and thereby constitutes

18   violations of the UCL.  Such conduct offends the established public policy of the State of

19   California and is immoral, unethical, oppressive, unscrupulous, and substantially injurious.

20   76.    Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court

21   enjoining Defendant from continuing to engage in the unlawful and/or unfair business

22   practices, and any other act prohibited by the UCL.

23                              **NINTH CAUSE OF ACTION**

24          **Failure to Pay the Minimum Wage for All Hours Worked in Violation of San**

25                         **Francisco Administrative Code § 12**

26                              **(By the California Class)**

27   77.    Plaintiff incorporates by reference the above listed paragraphs as if fully set

28   forth herein.

15

78. Plaintiff and the proposed California Class have been required by Defendant to work off-the-clock without compensation, in the form of meeting time, which is compensable work time, and Defendant are required by law to pay operators for this time. By failing to compensate operators for all hours worked, Defendant has violated San Francisco Administrative Code § 12R.

79. Pursuant to San Francisco Administrative Code, Plaintiff and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, plus liquidated damages, plus reasonable attorneys' fees and costs.

80. WHEREFORE, Plaintiff and other Class members are entitled to equitable relief, including restitution, attorneys' fees and costs, prejudgment interest, declaratory relief, and a permanent injunction enjoining Defendant from its unlawful and/or unfair activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) For an order certifying that the First Cause of Action of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendant identify all members of the FLSA Collection and to provide all locating information for members of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising them of the pendency of this action and their opportunity to file Consents to Become Party Plaintiff thereto.

b) For an order certifying that the Second through Seventh and Ninth Causes of Action of this Complaint may be maintained as a class action on behalf of a class on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the California Class;

c) For an order certifying that the Eighth Cause of Action of this Complaint may be maintained as a class action on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the Section 17200 Class;

d) For an order designating Plaintiff as class representatives for both the FLSA and

16

1  California state law claims and Plaintiff' attorneys as counsel for both the FLSA

2  Collection and the proposed classes;

3  e) For an order awarding Plaintiff, the FLSA Collection, and the California Class

4  compensatory damages and statutory damages (including liquidated damages on

5  the FLSA claim), including unpaid wages, overtime compensation, and all other

6  sums of money owed, together with interest on these amounts;

7  f) For preliminary, permanent, and mandatory injunctive relief prohibiting

8  Defendant, its officers, and agents, from committing the violations of law herein

9  alleged in the future;

10  g) For a declaratory judgment that Defendant has violated the FLSA and California

11  Labor Law and public policy as alleged herein;

12  h) For an order imposing all statutory and/or civil penalties provided by law,

13  including without limitation penalties under California Labor Code §§ 203 and

14  226(e), together with interest on these amounts;

15  i) For exemplary and punitive damages, as appropriate and available under each

16  cause of action, pursuant to California Civil Code § 3294;

17  j) For all unpaid overtime wages due to Plaintiff and each Class member;

18  k) For an order enjoining Defendant from further unfair and unlawful business

19  practices in violation of the UCL;

20  l) Disgorgement of profits;

21  m) For an order awarding restitution of the unpaid regular, overtime, and premium

22  wages due to Plaintiff and Class members;

23  n) For pre- and post-judgment interest;

24  o) For disgorgement of profits;

25  p) For an order awarding restitution of the unpaid regular, overtime, and premium

26  wages due to Plaintiff and Class members;

27  q) For an award of reasonable attorneys' fees as provided by the FLSA, California

28  Labor Code §§ 226(e) and 1194; California Code of Civil Procedure § 1021.5;

17

COLLECTIVE AND CLASS ACTION COMPLAINT

1 | and/or other applicable law;

2 | r) For all costs of suit; and

3 | s) For such other and further relief as the Court deems just and proper.

4 | DATED: November 26, 2013      Respectfully submitted,

5 | THE TIDRICK LAW FIRM

6 |

7 | By: _Nicole Forde_

8 | STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

9 | NICOLE E. FORDE, SBN 289567

10 | THE TIDRICK LAW FIRM
2039 Shattuck Avenue, Suite 308

11 | Berkeley, California 94704
Telephone: (510) 788-5100

12 | Facsimile: (510) 291-3226
E-mail:     sgt@tidricklaw.com

13 | E-mail:     jby@tidricklaw.com
E-mail:     nef@tidricklaw.com

14 |

15 | Attorneys for Individual and Representative
Plaintiff Harold C. Robinson, Jr.

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

18

COLLECTIVE AND CLASS ACTION COMPLAINT

# JURY DEMAND

Plaintiff in the above-referenced action, on his own behalf and on behalf of all persons he seeks to represent, hereby demands a trial by jury on all counts.

DATED: November 26, 2013                    Respectfully submitted,

THE TIDRICK LAW FIRM

By: _____

STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
NICOLE E. FORDE, SBN 289567

THE TIDRICK LAW FIRM
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail:    sgt@tidricklaw.com
E-mail:    jby@tidricklaw.com
E-mail:    nef@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff Harold C. Robinson, Jr.

# Exhibit A

## CONSENT TO BECOME PARTY PLAINTIFF

I, am or have been, currently or formerly employed by Open Top Sightseeing San Francisco, LLC ("Defendant") as a bus operator and I hereby consent to be a party plaintiff in such action arising under the Fair Labor Standards Act against Defendants regarding Defendants' failure to fully compensate me for all compensable work time. I hereby authorize the Tidrick Law Firm to represent me before any court or agency on such claims.

Date: 11 · 25 · 13     By: Harold C. Robinson
                             Signature

Print name: Harold Robinson, Jr.

Address: 730 22nd Street, #4

City/State/Zip: San Francisco, CA 94107

Email: robinsonjrjrrob@aol.com

Phone Number: (415) 947 9770



January 27, 2014

**BY PERSONAL DELIVERY**

Open Top Sightseeing San Francisco, LLC
3240 3rd St
San Francisco, CA 94124

> Re: *Robinson v. Open Top Sightseeing San Francisco, LLC et al.*
> Case Number: CGC-13-535729 (San Francisco Superior Court)

Dear Sir or Madam:

This firm represents Plaintiffs in the above-referenced lawsuit against Open Top Sightseeing San Francisco, LLC et al. ("Defendants"). As you know, Defendants have a duty to preserve all evidence relevant to the subject matter of the action, even without a court order. This duty extends to hard copy documents and electronic data, all of which may be an irreplaceable source of discovery. Consistent with that duty, we request that Defendants immediately preserve all existing documents and electronic information relevant to the subject matter of the action that are in the possession, custody, or control of Defendants and their subsidiaries, divisions, agents, and employees, and suspend deletion, overwriting, or any other possible destruction of all such documents and electronic information. The documents and electronic information relevant to the subject matter of the action include, without limitation:

1) Documents relating to run assignments;

2) Documents relating to bus route construction;

3) Documents relating to Defendant's compensatory polices;

4) Documents relating to travel-time;

5) Documents relating to split-shifts;

6)  Documents relating to on-time performance of buses;

7)  Documents relating to overtime and/or overtime procedures;

8)  Documents relating to Defendant's GPS systems, including without limitation data from NextBus, Trapeze, or any similar systems

9)  Defendant's payroll data;

10) Documents relating to Plaintiffs' damages;

11) Personnel files;

12) Documents relating to route information;

13) Documents relating to variances from scheduled route times, including without limitation any hard copy reports concerning variances;

14) electronic and hard copy documentation showing the time of day when fares are probed from buses/trains (which occurs after pulling into divisions) and associated data showing the bus/train numbers, route numbers, and dates of that data; and

15) video recordings from the security cameras stationed at the entrances to divisions that record when buses/trains pull into the divisions and any and all associated data, including in both electronic or hard copy format, showing the bus/route numbers, dates, and times of day when they pull in.

If any of the above-referenced materials are routinely destroyed, we request that your client be instructed to promptly begin preserving and maintaining such material.

With regard to electronic data, we request that it be preserved and maintained in a readily accessible format in accordance with the following safeguards:

1.  ELECTRONIC DATA TO BE PRESERVED. The following types of electronic data should be preserved in a readily accessible format, in accordance with the steps set forth below:
    a.  All electronic mail and information about electronic mail (including message contents, header and logs of email system usage) sent or received by anyone relating to the subject matter of the litigation;

    b.  All databases, including field and structural information as well as records, containing any information relating to the subject matter of the litigation;

    c.  All logs of activity on any computer systems that have been used to process or store data containing information relating to the subject matter of the litigation;

    d.  All other electronic data containing information about, or relating to, the subject matter of the litigation, including but not limited to:

        i.  All word processing files;

        ii.  All spreadsheets;

        iii.  Electronic data created by applications which process financial, accounting and billing information;

        iv.  All electronic calendar and scheduling program files and file fragments;

        v.  All electronic spreadsheet files;

        vi.  All telephone logs and contact manager information;

        vii.  Internet usage files;

        viii.  Audio recordings;

        ix.  Videotape and other video recordings;

        x.  Instant messages;

        xi.  Cell phone text messages;

        xii.  All file fragments.

2.  ON-LINE DATA STORAGE. With regard to online storage and/or direct access storage devices attached to computers, we request that any existing electronic data files that meet the criteria set forth above not be modified or deleted, unless an exact mirror copy has been made and will be preserved and kept accessible for purposes of this litigation.

3.  OFFLINE DATA STORAGE, BACKUPS, AND ARCHIVES. With regard to all electronic media used for offline storage, such as magnetic tapes and cartridges, CDs, DVDs, and the like, used with any computer, that contain any electronic information relating to the subject matter of this litigation, we request that any activity that may result in the loss of such data be stopped. This request is intended to cover all removable electronic media used for data storage in any device containing backup and/or archive data sets.

4.  PRESERVATION OF REPLACED DATA STORAGE DEVICES. We request preservation of any electronic data storage devices and/or media that may contain data relating to the subject matter of the litigation that are replaced for any reason.

5.  FIXED DRIVES ON STAND-ALONE PERSONAL COMPUTERS AND NETWORK WORKSTATIONS. We request that relevant electronic data that existed on fixed drives attached to standalone microcomputers and/or network workstations at the time of filing of this action not be altered or erased, or other procedures performed such as data compression and disk refragmentation or optimization routines that may impact such data, unless an exact copy has been made of such active files and of directory listings (including hidden files) for all directories containing such files and that any deleted electronic files and file fragments be completely restored and all such data preserved during the pendency of this litigation.

6.  APPLICATIONS AND UTILITIES. We request preservation of copies of all applications and utilities that may be used to process electronic data discussed in this letter.

7.  LOG OF SYSTEM MODIFICATIONS. We request that an activity log be maintained reflecting document modifications made to any electronic data processing system that may affect any system's capability to process any electronic data relating to the subject matter of the litigation.

8.  PERSONAL COMPUTERS USED BY EMPLOYEES, CONTRACTORS AND OTHERS UNDER THE CONTROL OF DEFENDANTS. Please immediately take the following steps with regard to all the fixed drives attached to any personal computers used by anyone under Defendants' control:
    a.  An exact copy should be made of all electronic data relating to the subject matter of the litigation;
    b.  Full directory listings (including hidden files) for all directories and subdirectories should be written;
    c.  All removable electronic media, such as floppy diskettes, magnetic tapes and cartridges, CDs, DVDs and the like that existed before the delivery of this

letter and that contain relevant data should collected, maintained intact and kept available during the pendency of this litigation.

9. LOCATION OF ELECTRONIC DATA. Relevant electronic data that should be preserved in a manner consistent with the directions in this letter may be found in hard copy files, computer hard drives, removable media (such as CDs and DVDs), flash drives, laptop computers, PDAs, Blackberry devices, cell phones, backup tapes, and any other location where hard copy and electronic information is stored, including personal computers used or accessed at home or elsewhere.

10. EVIDENCE CREATED AFTER RECEIPT OF THIS LETTER. Any relevant electronic data created after receipt of this letter should be preserved in a manner consistent with the directions in this letter.

Please feel free to contact me to discuss any aspect of this letter.

Thank you in advance for your attention to these matters.

Very truly yours,
THE TIDRICK LAW FIRM

Steven G. Tidrick

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OPEN TOP SIGHTSEEING SAN FRANCISCO. LLC.: DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HAROLD C. ROBINSON. JR.. on behalf of himself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services. (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California. County of San Francisco<br>400 McAllister Street. San Francisco. California 94102 | **CASE NUMBER** *(Número del Caso):*<br>CGC-13-535729 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven G. Tidrick. Esq.. The Tidrick Law Firm. 2039 Shattuck Ave. #308. Berkeley CA 94704: 510-788-5100

| DATE: **NOV 2 6 2013**<br>*(Fecha)* | **CLERK OF THE COURT**<br>Clerk, cy<br>*(Secretario)* ___Deborah Stepter___ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* OPENTOP SIGHTSEEING San Francisco LLC
3. ☒ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* HIS AS BUSINESS organization
4. ☐ by personal delivery on *(date):* FORM UNKNOWN

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **APR-30-2014**

**TIME:**     **10:30AM**

**PLACE:**     **Department 610**
          **400 McAllister Street**
          **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at no cost up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at no cost one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

### 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| **TELEPHONE NO ·** | |
| **ATTORNEY FOR** *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA. COUNTY OF SAN FRANCISCO<br>400 McAlister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | **CASE NUMBER:** ·<br><br>**DEPARTMENT 610** |
|---|---|

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties. conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day. current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

**2)** **The parties agree that the ADR Process shall be completed by (date):** _____

**3)** **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____


| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  07/12              **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** ·

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** <br> *(Check one):* ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE** <br>                  (Amount demanded      (Amount demanded is $25,000 <br>                  exceeds $25,000)        or less) | CASE NUMBER: |
|---|---|

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:          Time:          Dept.:          Div.:          Room:

Address of court *(if different from the address above)*:

  ☐   Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐   This statement is submitted by party *(name)*:
   b. ☐   This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
        (1) ☐   have not been served *(specify names and explain why not)*:

        (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

        (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in   ☐ complaint    ☐ cross-complaint    *(Describe, including causes of action)*:

Form Adopted for Mandatory Use <br>
Judicial Council of California <br>
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br>
rules 3.720–3.730 <br>
www.courts.ca.gov

| | CASE NUMBER: |
|---|---|
| **PLAINTIFF/PETITIONER:** | |
| **DEFENDANT/RESPONDENT:** | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                         f. Fax number:
   e. E-mail address:                            g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. Referral to judicial arbitration or civil action mediation (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
   have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
  ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
    **Party**          **Description**          **Date**

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶ _____

_____                               
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY)

▶ _____

_____                               
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY)

                                                         ☐ Additional signatures are attached.

THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
NICOLE E. FORDE, SBN 289567
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail:    sgt@tidricklaw.com
E-mail:    jby@tidricklaw.com
E-mail:    nef@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff Harold C. Robinson, Jr.

ENDORSED FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

14 JAN 24  PM 3: 11

CLERK OF THE COURT
BY:_____DEPUTY

DE LA VEGA-NAVARRO, Rossely

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

### UNLIMITED JURISDICTION

| | |
|---|---|
| HAROLD C. ROBINSON, JR., on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC; and DOES 1-20, <br><br> Defendant. | Civil Case No.: CGC-13-535729 <br><br> CLASS ACTION <br><br> **AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS AND/OR CIVIL RECOVERY OF :** <br> (1) **FAIR LABOR STANDARDS ACT;** <br> (2) **CALIFORNIA LABOR CODE;** <br> (3) **CALIFORNIA INDUSTRIAL WELFARE COMMISSION WAGE ORDERS;** <br> (4) **CALIFORNIA'S UNFAIR COMPETITION LAW, BUS. & PROF. CODE §§ 17200 et seq.,;** <br> (5) **SAN FRANCISCO ADMINISTRATIVE CODE; and** <br> (6) **CIVIL PENALTIES UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL ACT OF 2004, §2699(a), (f).** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Harold C. Robinson, Jr., on behalf of himself and all others similarly situated, and all others who consent to become Party Plaintiffs, allege as follows:

## <u>NATURE OF THE CASE</u>

1.     Plaintiff was formerly employed as a bus operator (hereinafter "operator" or

1

"operators") by Defendant Open Top Sightseeing (hereinafter "Defendant") and seeks to represent other current and former operators in California in this collective and class action against Defendant alleging that Defendant has engaged in an unlawful pattern and practice of failing to (a) provide meal and rest breaks and (b) pay its operators for all compensable work performed by such employees, including minimum wage and overtime pay, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, California Labor Code, California Business and Professions Code §§ 17200 *et seq.*, (hereinafter "UCL"), the California Industrial Welfare Commission Order No. 9-2001 (hereinafter "Wage Order No. 9") and the San Francisco Administrative Code. This lawsuit seeks damages resulting from Defendant's failure to pay its operators for time that is necessary and integral to these employees' principal duties, and that is incurred under the control of Defendant and required by Defendant for the benefit and convenience of Defendant. Plaintiff seeks declaratory and injunctive relief, compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, penalties, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

2.     The Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure § 410.10 because it is doing business in the State of California, has committed acts or omissions in California with respect to one or more causes of action arising from these acts or omissions, and/or has caused effects in California with respect to one or more causes of action arising from these effects.

3.     Venue is proper in the County of San Francisco in accordance with Code of Civil Procedure § 395(a) because at least some of Plaintiff's injury is alleged to have occurred in this county.

4.     Venue is proper in this Court under California Code of Civil Procedure § 395.5. Some of the actions alleged herein occurred in the County of San Francisco.

## PARTIES

5.     Plaintiff Harold C. Robinson, Jr. was formerly employed by Defendant as an operator. He sues on his own behalf, and as class representative on behalf of similarly

2

1 situated operators who are or were employed by Defendant within the applicable statute of
2 limitations. A true and correct copy of an executed Consent to Become Party Plaintiff is
3 attached hereto as **Exhibit A**. Plaintiff will file additional Consents to Become Party Plaintiff
4 executed by similarly situated operators as they are secured.

5       6.     Defendant Open Top Sightseeing San Francisco, LLC is a private
6 transportation operator providing sightseeing tours to the public with operations throughout
7 California. Defendant Open Top Sightseeing San Francisco is located at 3240 3rd Street, San
8 Francisco, CA 94124.

9       7.     The true names and capacities, whether individual, corporate, associate or
10 otherwise, of each of the Defendant designated herein as DOES are unknown to Plaintiff at
11 this time and therefore said Defendant are sued by such fictitious names. Plaintiff will amend
12 this Complaint to show their true names and capacities when ascertained. Plaintiff is
13 informed and believes and thereon alleges that each Defendant designated herein as a DOE
14 defendant is legally responsible in some manner for the events and happenings herein alleged
15 and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

16       8.     Plaintiff is informed and believes and thereon alleges that each of the
17 Defendant was acting as the agent, employee, partner, or servant of each of the remaining
18 Defendant and was acting within the course and scope of that relationship, and gave consent
19 to, ratified, and authorized the acts alleged herein to each of the remaining Defendant.

20 <div align="center">

**FACTS COMMON TO ALL CAUSES OF ACTION**
</div>

21       9.     In violation of the terms of California law and federal law, Defendant has at all
22 material times failed and refused to pay its operators for all compensable hours worked,
23 including without limitation: (1) mandatory meeting time, and (2) federally mandated
24 overtime payments when an operator's total hours worked to exceed forty (40) hours in a
25 given week.

26       10.     Overtime Claim. Defendant creates work schedules that require operators to
27 work more than forty (40) hours in a week.

28       11.     Despite the requirements of the FLSA, Defendant has failed to pay operators at

<div align="center">

3

AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT
</div>

1  one-and-one-half times (1.5) times their regular rate of pay (*i.e.*, time-and-a-half) when such
2  scheduling causes an operators total hours worked to exceed forty (40) hours in a week.

3      12.   Meeting Time. Defendant requires operators to attend mandatory meetings
4  while employed by Defendant. The time that operators spend at such meetings is referred to
5  in this Complaint as "meeting time." Defendant required operators to remain "off-the-clock"
6  for these mandatory meetings.

7      13.   This meeting time is caused by Defendant's requirement and is for the
8  convenience/benefit of Defendant only.

9      14.   Despite the requirements of the FLSA, California law, and the San Francisco
10  Administrative Code, Defendant has failed to pay operators for all meeting time actually
11  accrued and had refused to pay operators at one-and-one-half (1.5) times the regular rate of
12  pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40)
13  hours in a week.

14      15.   Rest Breaks. Pursuant to Wage Order No. 9, operators are entitled to ten (10)
15  minutes of paid rest break for each four (4) hour period of work or major fraction thereof,
16  which is referred to in this Complaint as "rest break."

17      16.   Defendant's run design and scheduling require bus operators to work through
18  their ten (10) minute period to stay on schedule. As a result, bus operators are not allowed to
19  take their ten (10) minute rest break earned after each four (4) hours worked. Despite the
20  requirements of California law, Defendant has failed to provide operators rest breaks.

21      17.   Meal Breaks. Pursuant to Wage Order No. 9, operators are entitled to thirty
22  (30) minute meal break for each five (5) hour period of work or major fraction thereof, which
23  is referred to in this Complaint as "meal break."

24      18.   Defendant's run design and scheduling require bus operators to work through
25  their thirty (30) minute period to stay on schedule. As a result, bus operators are not allowed
26  to take their thirty (30) minute meal break earned after each five (5) hours worked. In
27  addition, Operators have specifically requested (30) minute meal breaks when Defendant's
28  run design and schedule did not allow for one. Defendant has often denied those requests.

4

Despite the requirements of California law, Defendant has failed to provide operators meal breaks.

19. <u>Time Records</u>. Defendant does not keep accurate records of the actual amount of above-referenced time worked by operators. Defendant's breach of their obligation to keep accurate records of such compensable time has resulted in a lack of accurate records to show exactly how much compensable time operators have spent in such time. Plaintiff is unable to state with precision the amount of such time for which operators are uncompensated, but can reasonably estimate this time based on a review of documents that are in Defendant's sole and exclusive possession. Plaintiff will establish good faith estimates of the amount of his uncompensated compensable time and damages after completing discovery and analyzing Defendant's evidence.

20. <u>Defendant's willful refusal to pay</u>. Defendant has continuously failed to correct the violations described herein. Plaintiff has been deprived of his legally mandated compensation for compensable time, as alleged herein, due to Defendant's willful refusal to pay operators for all such compensable time.

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

21. Plaintiff brings the First Cause of Action (for violations of the FLSA) as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated individuals defined as follows, and hereinafter referred to as the "FLSA Collection":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position in California at any time on or after from November 26, 2009.

22. Plaintiff and on behalf of other similarly situated operators defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to pay for all hours worked plus applicable overtime and failing to accurately record all hours worked. Named Plaintiff and the FLSA Collection are similarly situated, have performed substantially similar duties for Defendant, and are uniformly subject to and are currently being subjected to

5

Defendant's uniform, class-wide payroll practices, including the policy of and practice of not compensating operators for compensable time as described herein. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiff may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

23. The names and addresses of the individuals who comprise the FLSA Collection are available from Defendant. Accordingly, Plaintiff herein prays for an Order requiring Defendant to provide the names and all available locating information for all members of the FLSA Collection, so notice can be provided regarding the pendency of this action, and of such individuals' right to opt-in to this action as party-Plaintiff.

24. Plaintiff brings the Second through Eighth Causes of Action as an "opt-out" class action, defined initially as follows, and hereinafter referred to as the "California Class":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position in California at any time on or after from November 26, 2009.

Excluded from the class are anyone employed by counsel for Plaintiff in this action, and any Judge to whom this action is assigned and his or her immediate family members.

25. Plaintiff brings the Ninth Cause of Action (the claims under § 17200 *et seq.*) as an "opt-out" class action, defined initially as follows, and hereinafter referred to as the "Section 17200 Class":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position in California at any time on or after from November 26, 2008.

Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any Judge to whom this action is assigned and his or her immediate family members.

26. Numerosity. Defendant has employed hundreds of individuals as operators during the relevant time periods.

27. Existence and Predominance of Common Questions. Common questions of

6

law and/or fact exist as to the members of the proposed classes and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the proposed classes. The common questions include the following:

a. Whether Defendant's policy and practice of not compensating their operators for all meeting time, violates California labor laws and/or the San Francisco Administrative Code;

b. Whether Defendant's policy and practice with respect to rest breaks and meal breaks, violates Wage Order No. 9 and/or the California Labor Code;

c. Whether Defendant's payroll policies and practices have violated California Labor Code;

d. Whether Defendant's practices have violated the UCL;

e. Whether the class members are entitled to unpaid wages, waiting time penalties, and other relief;

f. Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiff and the class members; and

g. Whether Plaintiff and the proposed classes are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

28. Typicality. Plaintiff's claims are typical of the claims of the proposed classes. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and the proposed classes to sustain the same or similar injuries and damages. Plaintiff's claims are therefore representative of and co-extensive with the claims of the proposed classes.

29. Adequacy. Plaintiff is an adequate representative of the proposed classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel

7

1    will fairly and adequately protect the interests of members of the proposed classes.

2    30.    Superiority. The class action is superior to other available means for the fair

3    and efficient adjudication of this dispute. The injury suffered by each member of the proposed

4    classes, while meaningful on an individual basis, is not of such magnitude as to make the

5    prosecution of individual actions against Defendant economically feasible. Individualized

6    litigation increases the delay and expense to all parties and the court system presented by the

7    legal and factual issues of the case. By contrast, the class action device presents far fewer

8    management difficulties and provides the benefits of single adjudication, economies of scale,

9    and comprehensive supervision by a single court.

10    31.    In the alternative, the proposed classes may be certified because:

11        a.   the prosecution of separate actions by the individual members of the

12        proposed classes would create a risk of inconsistent or varying adjudication

13        with respect to individual members of the proposed classes that would

14        establish incompatible standards of conduct for Defendant; and

15        Defendant has acted and/or refused to act on grounds generally applicable

16        to the proposed classes, thereby making appropriate final and injunctive

17        relief with respect to members of the proposed classes as a whole.

18                     **FIRST CAUSE OF ACTION**

19              **Violations of the Fair Labor Standards Act**

20                      **(By the FLSA Collection)**

21    32.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

22    herein.

23    33.    At all material times, Plaintiff and all similarly situated operators who submit

24    Consents to Become Party Plaintiffs are or were employed by and engaged in providing

25    services necessary to the transport of passengers by Defendant, and have been entitled to the

26    rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

27    34.    The FLSA requires, among other things, that employers pay employees the

28    minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

<div align="center">8</div>

35. At all material times, Defendant has failed and refused to compensate Plaintiff and class members for all hours worked, including straight time and overtime, and including without limitation for the specific categories of time described herein.

36. At all material times, the meeting time as described above is necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements.

37. At all material times, Defendant has violated the FLSA by failing to pay operators for all meeting time, plus applicable overtime.

38. At all material times, Defendant has violated the FLSA by failing to pay operators at one-and-one-half (1.5) times the regular rate of pay when an operator's total hours worked to exceed forty (40) hours in a week.

39. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by their operators. 29 U.S.C. § 211(c).

40. Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all operators employed by Defendant.

41. Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

42. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

43. As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendant has unlawfully withheld compensation from Plaintiff and all similarly situated individuals. Defendant are liable for unpaid compensation, together with an amount

9

1  equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

2  ## SECOND CAUSE OF ACTION

3  **Failure to Pay All Straight Time in Violation of California Labor Code and Wage Order**

4  **No. 9**

5  **(By the California Class)**

6  44.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

7  herein.

8  45.    Plaintiff and the proposed California Class have been required by Defendant to

9  work off-the-clock without compensation, including without limitation in the form of meeting

10  time, which is compensable work time, and Defendant are required by law to pay operators

11  for this time. By failing to compensate operators for all compensable work time, Defendant

12  has violated Wage Order No. 9 and California Labor Code §§ 510, 1194, 1197, 1198 and

13  1199.

14  46.    Pursuant to Wage Order No. 9 and California Labor Code §§ 1194 and 1198,

15  Plaintiff and the proposed California Class are entitled to recover in a civil action the unpaid

16  balance of the full amount of straight time owed to them, including interest thereon, liquidated

17  damages in an amount equal to the unpaid minimum wages, plus reasonable attorneys' fees

18  and costs.

19  ## THIRD CAUSE OF ACTION

20  **Failure to Provide Itemized Wage Statements in Violation of California Labor Code**

21  **§ 226 and Wage Order No. 9**

22  **(By the California Class)**

23  47.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

24  herein.

25  48.    Defendant has failed and continues to fail to provide timely, accurate itemized

26  wage statements to Plaintiff and members of the proposed California Class in accordance with

27  California Labor Code § 226 and Wage Order No. 9. The wage statements that Defendant has

28  provided to its operators, including Plaintiff and the proposed California Class members, do

10

not accurately reflect the actual hours worked and wages earned, because they do not include the appropriate amount of time for all compensable time, including without limitation meeting time.

49.     Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff and members of the proposed California Class in accordance with the California Labor Code and the applicable Wage Orders has been knowing and intentional. Accordingly, Defendant are liable for damages and penalties under Labor Code § 226.

## FOURTH CAUSE OF ACTION

### Waiting Time Penalties Under California Labor Code §§ 201, 202, and 203

### (By the California Class)

50.     Plaintiff incorporate by reference all paragraphs above as if fully set forth herein.

51.     California Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code § 202(a) requires an employer to pay compensation due and owing within seventy-two (72) hours of an employee's termination of employment by resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

52.     Certain members of the proposed California Class are no longer employed by Defendant but have not been paid full compensation for all hours worked, as alleged above. They are entitled to unpaid compensation for all hours worked in the form of meeting time, and unpaid overtime, for which to date they have not received compensation.

53.     Defendant has failed and refused, and continue to willfully fail and refuse, to timely pay compensation and wages to the Plaintiff and members of the proposed California Class whose employment with Defendant have terminated, as required by California Labor Code §§ 201 and 202. As a direct and proximate result, Defendant is liable to Plaintiff and

11

1 proposed California class members for up to thirty (30) days of waiting time penalties

2 pursuant to California Labor Code § 203, together with interest thereon.

3      54.    WHEREFORE, pursuant to Labor Code §§ 218, 218.5, and 218.6, Plaintiff and

4 Class members are entitled to recover the full amount of their unpaid wages, continuation

5 wages under § 203, interest thereon, reasonable attorneys' fees, and costs of suit.

6 <center>**FIFTH CAUSE OF ACTION**</center>

7 <center>**Failure To Pay all Wages Owed Every Pay Period Under California Labor Code § 204**</center>

8 <center>**(By the California Class)**</center>

9      55.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

10 herein.

11      56.    At all times relevant during the liability period, Plaintiff and the other members

12 of each Class were employees of Defendant covered by Labor Code § 204.

13      57.    Pursuant to Labor Code § 204, Plaintiff and members of each Class were

14 entitled to receive on regular paydays all wages earned for the pay period corresponding to the

15 payday.

16      58.    Defendant failed to pay Plaintiff and other similarly situated employees all

17 wages earned each pay period. Plaintiff are informed, believe, and thereon allege, that at all

18 times relevant during the liability period, Defendant maintained a policy or practice of not

19 paying Plaintiff and other similarly situated employees, overtime wages for all overtime hours

20 worked.

21      59.    As a result of Defendant's unlawful conduct, Plaintiff and members of each

22 Class have suffered damages in an amount, subject to proof, to the extent they were not paid

23 all wages each pay period. The precise amount of unpaid wages is not presently known to

24 Plaintiff but can be determined directly from Defendant's records or indirectly based on

25 information from Defendant's records.

26      60.    WHEREFORE, pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiff and

27 members of the Class are entitled to recover the full amount of their unpaid wages, interest

28 thereon, reasonable attorneys' fees and costs of suit.

<center>12</center>

## SIXTH CAUSE OF ACTION

### Failure to Allow Meal Periods Pursuant to Labor Code § 226.7 and Wage Order No. 9

### (By the California Class)

61.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

62.     Wage Order No. 9 provides that employees are entitled to a thirty (30) minute meal period for every five (5) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each meal period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over five (5) hours per shift without receiving a thirty (30) minute meal period and/or being permitted to take such meal period.

63.     As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9 Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable, including premium pay for each missed meal break, plus reasonable attorneys' fees and costs, waiting time penalties to those employees no longer employed by Defendant, as well as any penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

## SEVENTH CAUSE OF ACTION

### Failure to Allow Rest Breaks Pursuant to Labor Code § 226.7 and Wage Order No. 9

### (By the California Class)

64.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

65.     Wage Order No. 9 provides that employees are entitled to a paid ten (10) minute rest period  for every four (4) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each rest period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over four (4) hours per shift without receiving a paid ten (10) minute rest period

13

and/or being permitted to take such rest break.

66.    As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9, Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable, including premium pay for each missed rest break, plus reasonable attorneys' fees and costs, waiting time penalties to those employees no longer employed by Defendant, as well as any penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

## EIGHTH CAUSE OF ACTION

### Failure to Pay the Minimum Wage for All Hours Worked in Violation of San Francisco Administrative Code § 12

### (By the California Class)

67.    Plaintiff incorporates by reference the above listed paragraphs as if fully set forth herein.

68.    Plaintiff and the proposed California Class have been required by Defendant to work off-the-clock without compensation, including without limitation in the form of meeting time, which is compensable work time, and Defendant are required by law to pay operators for this time. By failing to compensate operators for all hours worked, Defendant has violated San Francisco Administrative Code § 12R.

69.    Pursuant to San Francisco Administrative Code, Plaintiff and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, plus penalties as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff and other Class members are entitled to equitable relief, including restitution, attorneys' fees and costs, prejudgment interest, declaratory relief, and a permanent injunction enjoining Defendant from its unlawful and/or unfair activity.**NINTH CAUSE OF ACTION**

**Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.***

14

**(By the Section 17200 Class)**

70.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

71.     Plaintiff brings this claim on behalf of himself and all others similarly situated in his representative capacity as a private attorney general against Defendant and Does 1 through 20, for their unlawful business acts and/or practices pursuant to the UCL which prohibits all unlawful business acts/or practices.

72.     Plaintiff assert these claims as he is representative of an aggrieved group and as a private attorney general on behalf of the General Public and other persons who have been exposed to Defendant's unlawful acts and/or practices and are owed wages that the Defendant should be required to pay or reimburse under the restitutionary remedy provided by the UCL.

73.     Defendant's failure to properly pay for all hours worked, failure to pay overtime, failure to pay all wages when they were due and upon termination, failure to provide accurate and itemized wage statements, as alleged above, constitutes unlawful and/or unfair business acts and/or practices within the meaning of the UCL.

74.     As a result of its unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and Class members. Defendant should be enjoined from this activity and provide restitution by restoring to Plaintiff and the other Class members the wrongfully withheld wages.

75.     The acts and practices alleged in the preceding paragraphs occurred in connection with Defendant's conduct of trade and commerce in California.

76.     Defendant's misconduct as alleged herein gave Defendant an unfair competitive advantage over its competitors.

77.     As a direct and proximate result of the aforementioned acts, Defendant, Does 1-20, and each of them, received and continues to hold monies which Plaintiff and the other Class members have a possessory interest in.

78.     Defendant's conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendant's respective businesses, and thereby constitutes

15

violations of the UCL. Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous, and substantially injurious.

79.     Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

## TENTH CAUSE OF ACTION

### PAGA CLAIMS, California Labor Code § 2699(a), (f)

### (By the California Class)

80.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

81.     Under PAGA, "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." California Labor Code § 2699(a).

82.     PAGA also provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." California Labor Code § 2699(f)(1)-(2).

83.     Plaintiff brings this action under PAGA individually and as a representative suit on behalf of all current and former employees pursuant to procedures in Labor Code § 2699.3 or in the alternative as a class action as alleged above.

84.     Plaintiff satisfied the pre-filing notice and exhaustion of administrative

16

remedies requirement under Labor Code section 2699.3(a).

85.     As alleged above, Defendant has violated several provisions of the California Labor Code, including but not limited to Labor Code §§ 201, 202, 203, 510, 218.5, 218.6, 226.3, 226(a), 510, 558, 1194, 1197, 1198, 1199, and Wage Order No. 9, for which Plaintiffs seek recovery of civil penalties under Labor Code §§ 2698 and 2699(f).

86.     WHEREFORE, Plaintiffs seek penalties and interest as allowed by law, costs of suit, and any further relief that the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) For an order certifying that the First Cause of Action of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendant identify all members of the FLSA Collection and to provide all locating information for members of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising them of the pendency of this action and their opportunity to file Consents to Become Party Plaintiff thereto.

b) For an order certifying that the Second through Ninth Causes of Action of this Complaint may be maintained as a class action on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the California Class;

c) For an order certifying that the Tenth Cause of Action of this Complaint may be maintained as a class action on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the Section 17200 Class;

d) For an order designating Plaintiff as class representative for both the FLSA and California state law claims and Plaintiff's attorneys as counsel for both the FLSA Collection and the proposed classes;

e) For an order awarding Plaintiff, the FLSA Collection, and the California Class compensatory damages and statutory damages (including liquidated damages on the FLSA claim), including unpaid wages, overtime compensation, and all other

17

sums of money owed, together with interest on these amounts;

f) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, and agents, from committing the violations of law herein alleged in the future;

g) For a declaratory judgment that Defendant has violated the FLSA and California Labor Law and public policy as alleged herein;

h) For an order imposing all statutory and/or civil penalties provided by law, together with interest on these amounts;

i) For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

j) For all unpaid overtime wages due to Plaintiff and each Class member;

k) For an order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL;

l) Disgorgement of profits;

m) For an order awarding restitution of the unpaid regular, overtime, and premium wages due to Plaintiff and Class members;

n) For pre- and post-judgment interest;

o) For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code §§ 226(e) and 1194; California Code of Civil Procedure § 1021.5; and/or other applicable law;

p) For all costs of suit; and

q) For such other and further relief as the Court deems just and proper.

//
//
//
//
//
//

18

| | |
|---|---|
| 1 | DATED: January 24, 2014 |

1  DATED: January 24, 2014                    Respectfully submitted,

2                                             THE TIDRICK LAW FIRM

3

4                                             By: _____

5                                             STEVEN G. TIDRICK, SBN 224760
                                              JOEL B. YOUNG, SBN 236662
6                                             NICOLE E. FORDE, SBN 289567

7                                             THE TIDRICK LAW FIRM
                                              2039 Shattuck Avenue, Suite 308
8                                             Berkeley, California 94704
                                              Telephone: (510) 788-5100
9                                             Facsimile: (510) 291-3226
                                              E-mail:    sgt@tidricklaw.com
10                                            E-mail:    jby@tidricklaw.com
                                              E-mail:    nef@tidricklaw.com
11

12                                            Attorneys for Individual and Representative
                                              Plaintiff Harold C. Robinson, Jr.

13                                    **JURY DEMAND**

14      Plaintiff in the above-referenced action, on his own behalf and on behalf of all persons

15  he seeks to represent, hereby demands a trial by jury on all counts.

16  DATED: January 24, 2014                    Respectfully submitted,

17                                             THE TIDRICK LAW FIRM

18

19                                             By: _____

20                                             STEVEN G. TIDRICK, SBN 224760
                                               JOEL B. YOUNG, SBN 236662
21                                             NICOLE E. FORDE, SBN 289567

22                                             THE TIDRICK LAW FIRM
                                               2039 Shattuck Avenue, Suite 308
23                                             Berkeley, California 94704
                                               Telephone: (510) 788-5100
24                                             Facsimile: (510) 291-3226
                                               E-mail:    sgt@tidricklaw.com
25                                             E-mail:    jby@tidricklaw.com
                                               E-mail:    nef@tidricklaw.com
26

27                                             Attorneys for Individual and Representative
                                               Plaintiff Harold C. Robinson, Jr.

28
                                        19

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>THE TIDRICK LAW FIRM<br>Steven G. Tidrick, Esq. (SBN 224760); Joel B. Young, Esq. (SBN 236662)<br>Nicole E. Forde, Esq. (SBN 289567)<br>2039 Shattuck Avenue, Suite 308, Berkeley, California 94704<br>TELEPHONE NO.: **(510) 788-5100**   FAX NO. (Optional): **(510) 291-3226**<br>E-MAIL ADDRESS (Optional): **sgt/jby/nef@tidricklaw.com**<br>ATTORNEY FOR (Name): **Individual and Representative Plaintiff** | FOR COURT USE ONLY<br><br>**FILED**<br>San Francisco County Superior Court<br><br>JAN 2 8 2014<br><br>CLERK OF THE COURT<br>BY: _Amaleu Jones_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: **400 McAllister Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Francisco, California 94102**
BRANCH NAME: **UNLIMITED JURISDICTION**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **HAROLD C. ROBINSON, JR., etc.**<br><br>DEFENDANT/RESPONDENT: **OPEN TOP SIGHTSEEING, etc.** | CASE NUMBER:<br>**CGC-13-535729** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**1071832G** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☐ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* **SEE ATTACHED LIST OF DOCUMENTS**

3. a. Party served *(specify name of party as shown on documents served):*
   **OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC-Lawyers Incorporating Service, Inc., Agent, served Becky DeGeorge, Receptionist**

4. Address where the party was served:
   **2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833-3503**
   I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 01/27/2014   (2) at *(time):* 2:21 p.m.
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: HAROLD C. ROBINSON, JR., etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: OPEN TOP SIGHTSEEING, etc. | CGC-13-535729 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:         (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☑ by other means *(specify means of service and authorizing code section)*:

    By mailing documents via first-class mail to 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833-3503 under Code Civil Procedure §415.95 on January 27, 2014 from Sacramento, CA.

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify)*: OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)    ☑ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)

    ☐ other:

7. Person who served papers

  a. Name: Jebb Mirell, Ace Attorney Service, Inc.

  b. Address: 901 F Street, Suite 150, Sacramento, California 95814

  c. Telephone number: (916) 447-4000

  d. The fee for service was: $

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ a registered California process server:

      (i) ☐ owner ☑ employee ☐ independent contractor.

      (ii) Registration No.: 2011-39

      (iii) County: SACRAMENTO

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: January 28, 2014

JEBB MIRELL

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

## ATTACHED LIST OF DOCUMENTS

1. AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS AND/OR RECOVERY;

2. NOTICE TO PLAINTIFF;

3. LETTER ADDRESSED TO OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC dated January 27, 2014

Attached List of Documents to POS of Summons and Amended Complaint

#1071832G

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 1/1


# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package


> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4 )

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

***Or, visit the court ADR website at www.sfsuperiorcourt.org***

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| | |

TELEPHONE NO.:            FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                Time:           Dept.:           Div.:           Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
☐ Additional representation is described in Attachment 8.
    f. Fax number:
    g. Party represented:

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date):* <br> ☐ Agreed to complete mediation by *(date):* <br> ☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date):* <br> ☐ Agreed to complete settlement conference by *(date):* <br> ☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date):* <br> ☐ Agreed to complete neutral evaluation by *(date):* <br> ☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date):* <br> ☐ Agreed to complete judicial arbitration by *(date):* <br> ☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date):* <br> ☐ Agreed to complete private arbitration by *(date):* <br> ☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date):* <br> ☐ Agreed to complete ADR session by *(date):* <br> ☐ ADR completed on *(date):* |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:

  ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

  Party                  Description            Date

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

### 17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

### 18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

### 19. Meet and confer

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

### 20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶ _____

_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____

_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| | |
|---|---|
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>**DEPARTMENT 610** |

**1)    The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐    **Early Settlement Program of the Bar Association of San Francisco (BASF) -** Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party.  Waivers are available to those who qualify.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐    **Mediation Services of BASF -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate.  Waivers of the administrative fee are available to those who qualify.  BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐    **Private Mediation -** Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration -** Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought.  The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program.  www.sfsuperiorcourt.org

☐    **Other ADR process (describe)** _____

**2)    The parties agree that the ADR Process shall be completed by (date):** _____

**3)    Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  07/12                **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**