1  THE TIDRICK LAW FIRM
   STEVEN G. TIDRICK, SBN 224760
2  JOEL B. YOUNG, SBN 236662
   2039 Shattuck Avenue, Suite 308
3  Berkeley, California 94704
   Telephone: (510) 788-5100
4  Facsimile: (510) 291-3226
   E-mail:    sgt@tidricklaw.com
5  E-mail:    jby@tidricklaw.com

6  Attorneys for Individual and Representative
   Plaintiff Harold C. Robinson, Jr.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  HAROLD C. ROBINSON, JR., on behalf of      Civil Case No.: 14-cv-00852-PJH
    himself and all others similarly situated,
12                                             **SECOND AMENDED COLLECTIVE AND
                    Plaintiff,                 CLASS ACTION COMPLAINT FOR
13                                             VIOLATIONS AND/OR CIVIL
            v.                                 RECOVERY OF:**
14                                                **(1) FAIR LABOR STANDARDS ACT;**
    OPEN TOP SIGHTSEEING SAN                       **(2) CALIFORNIA LABOR CODE;**
15  FRANCISCO, LLC; and DOES 1-20,                 **(3) CALIFORNIA INDUSTRIAL
                                                       WELFARE COMMISSION WAGE
16                  Defendant.                          ORDERS;**
                                                   **(4) CALIFORNIA'S UNFAIR
17                                                     COMPETITION LAW, BUS. &
                                                       PROF. CODE §§ 17200 *et seq.*;**
18                                                 **(5) SAN FRANCISCO
                                                       ADMINISTRATIVE CODE; and**
19                                                 **(6) CIVIL PENALTIES UNDER THE
                                                       CALIFORNIA LABOR CODE
20                                                     PRIVATE ATTORNEY GENERAL
                                                       ACT OF 2004, §2699(a), (f).**
21
                                               **DEMAND FOR JURY TRIAL**
22

23

24      Plaintiff Harold C. Robinson, Jr., on behalf of himself and all others similarly situated,

25  and all others who consent to become Party Plaintiffs, allege as follows:

26                        **NATURE OF THE CASE**

27      1.      Plaintiff was formerly employed as a bus operator (hereinafter "Operator" or

28  "Operators") by Defendant Open Top Sightseeing San Francisco, LLC (hereinafter

                                        1

1  "Defendant") and seeks to represent other current and former operators in California in this

2  collective and class action against Defendant alleging that Defendant has engaged in an

3  unlawful pattern and practice of failing to (a) provide meal and rest breaks and (b) pay its

4  operators for all compensable work performed by such employees, including minimum wage

5  and overtime pay, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C.

6  § 201 *et seq.*, California Labor Code, California Business and Professions Code §§ 17200 *et*

7  *seq.* (hereinafter "UCL"), the California Industrial Welfare Commission Wage Order No. 9-

8  2001 (hereinafter "Wage Order No. 9") and the San Francisco Administrative Code. This

9  lawsuit seeks damages resulting from Defendant's failure to pay its operators for time that is

10 necessary and integral to these employees' principal duties, and that is incurred under the

11 control of Defendant and required by Defendant for the benefit and convenience of

12 Defendant. Plaintiff seeks declaratory and injunctive relief, compensation for all

13 uncompensated work, liquidated and/or other damages as permitted by applicable law,

14 penalties, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

16     2.     The FLSA authorizes private rights of action to recover damages for violations

17 of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has federal

18 question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction

19 over the California state law claims because they are so related to this action that they form

20 part of the same case or controversy under Article III of the United States Constitution.

21     3.     Venue is proper in the Northern District of California pursuant to 28 U.S.C.

22 § 1391 because Defendant has its principal place of business in this District, and some or all

23 of the actions alleged herein occurred within this District.

## PARTIES

25     4.     Plaintiff Harold C. Robinson, Jr. was formerly employed by Defendant as an

26 operator. He sues on his own behalf, and as class representative on behalf of similarly

27 situated operators who are or were employed by Defendant within the applicable statute of

28 limitations. A true and correct copy of an executed Consent to Become Party Plaintiff was

2

previously filed in this action and is incorporated herein by reference. Plaintiff will file additional Consents to Become Party Plaintiff executed by similarly situated operators as they are secured.

5.  Defendant Open Top Sightseeing San Francisco, LLC is a private transportation operator providing sightseeing tours to the public with operations throughout California. Defendant is located at 3240 3rd Street, San Francisco, CA 94124.

6.  At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7.  At all times relevant to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

8.  At all times relevant to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

9.  At all times relevant to this action, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

10.  Based upon information and belief, at all times relevant to this action, Defendant's annual gross volume of sales made or business done has been not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C. § 203.

11.  At all times relevant to this action, Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. § 203 and subject to individual coverage of the FLSA.

12.  At all times relevant to this action, Plaintiff was engaged in the "production of goods for commerce" within the meaning of 29 U.S.C. § 203 and subject to the individual coverage of the FLSA.

13.  At all times relevant to this action, the worked performed by Plaintiff, and by similarly situated Operators, was directly essential to the business performed by Defendant.

14.  The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendant designated herein as DOES are unknown to Plaintiff at

3

this time and therefore said Defendant are sued by such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as a DOE defendant is legally responsible in some manner for the events and happenings herein alleged and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

15.     Plaintiff is informed and believes and thereon alleges that each of the Defendant was acting as the agent, employee, partner, or servant of each of the remaining Defendant and was acting within the course and scope of that relationship, and gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendant.

**FACTS COMMON TO ALL CAUSES OF ACTION**

16.     Defendant Open Top Sightseeing San Francisco, LLC, has done business, and currently does business, under the name "Big Bus Tours."  Big Bus Tours is the largest operator of open-top sightseeing tours in the world, providing sightseeing tours in sixteen (16) cities across three continents.  The current cities of operation for Big Bus Tours includes Abu Dhabi, Budapest, Dubai, Hong Kong, Istanbul, Las Vegas, London, Miami, Muscat, New York, Paris, Philadelphia, San Francisco, Shanghai, Vienna and Washington DC.  Big Bus Tours was formed by the merger of two established sightseeing tour businesses: The Big Bus Company Ltd (based in London) and Les Cars Rouges (based in Paris).  The two businesses, each with over twenty (20) years of successful tour experience, decided to combine their expertise, creating Big Bus Tours in May 2011.  Sometime after May 2011, Big Bus Tours purchased Defendant Open Top Sightseeing San Francisco, LLC and began providing sightseeing in California under the same name, Big Bus Tours.

17.     In connection with providing sightseeing tours, Defendant sells tour packages to out of state individuals and/or groups that desire to engage in sightseeing in a particular location where Defendant is providing such services.  In order to sell these tour packages to out of state individuals and/or groups, Defendant's employees use telephonic and other communication services going over state lines.  The services offered by Defendant are tied to interstate commerce.  For example, Defendant purchased the buses that its Operators use to

4

transport customers.  Those buses have traveled across interstate lines and/or international lines.  Defendant also purchased goods and products used by Defendant's employees to maintain and repair the fleet of buses.  Those goods and products purchased have traveled across interstate and/or international lines, and are handled by individuals employed by Defendant as Operators, including Plaintiff, as part of their job duties.

18.     Defendant hired Plaintiff to work as an Operator.  Plaintiff was paid on an hourly basis.  As part of his job duties for Defendant, Plaintiff was required to drive various out-of-state visitors who purchased their tickets prior to arriving in California.  While providing sightseeing tours, Plaintiff was required collect from such out-of-state passengers the tickets that they had purchased out of state.  Every work day, as part of his job duties for Defendant, Plaintiff also sold tickets to passengers using an electronic cash register ("ECR") that used telephonic and other communication services going over state lines to link with an out-of-state central data processing service that was used to process and complete the sales transactions. The ECR that was used by Plaintiff as part of his job duties was transported and moved through interstate commerce after being purchased by Defendant.

19.     In connection with his job duties for Defendant, Plaintiff would have to prepare, and did prepare, the bus for the passengers, which would include washing the bus at Defendant's facilities using products and goods transported and moved through interstate commerce.  Plaintiff was also given a gas card by Defendant that he used, as part of his job duties, to purchase gasoline that was transported and moved through interstate commerce, in order to fuel the bus for the tours. Defendant also had other employees, including other Operators, who as part of their job duties handled these goods that were transported and moved through interstate commerce.

20.     In violation of the terms of California law and federal law, Defendant has at all material times failed and refused to pay its Operators for all compensable: (1) mandatory meeting time and (2) federally mandated overtime payments when an operator's total hours worked to exceed forty (40) hours in a given week.

21.     Overtime Claim. Defendant creates work schedules that require operators to

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT
*Robinson v. Open Top Sightseeing San Francisco, LLC*, Case No. 14-cv-00852-PJH

work more than forty (40) hours in a week.

22.     Despite the requirements of the FLSA, Defendant has failed to pay operators at one-and-one-half times (1.5) times their regular rate of pay (*i.e.*, time-and-a-half) when such scheduling causes an operators total hours worked to exceed forty (40) hours in a week.

23.     <u>Meeting Time</u>.  Defendant requires operators to attend mandatory meetings while employed by Defendant.  The time that operators spend at such meetings is referred to in this Complaint as "meeting time." Defendant required operators to remain "off-the-clock" for these mandatory meetings.

24.     This meeting time is caused by Defendant's requirement and is for the convenience/benefit of Defendant only.

25.     Despite the requirements of the FLSA, California law, and the San Francisco Administrative Code, Defendant has failed to pay operators for all meeting time actually accrued and had refused to pay operators at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week.

26.     <u>Rest Breaks</u>. Pursuant to Wage Order No. 9, operators are entitled to ten (10) minutes of paid rest break for each four (4) hour period of work or major fraction thereof, which is referred to in this Complaint as "rest break."

27.     Defendant's run design and scheduling require bus operators to work through their ten (10) minute period to stay on schedule. As a result, bus operators are not allowed to take their ten (10) minute rest break earned after each four (4) hours worked.  Despite the requirements of California law, Defendant has failed to provide operators rest breaks.

28.     <u>Meal Breaks</u>. Pursuant to Wage Order No. 9, operators are entitled to thirty (30) minute meal break for each five (5) hour period of work or major fraction thereof, which is referred to in this Complaint as "meal break."

29.     Defendant's run design and scheduling require bus operators to work through their thirty (30) minute period to stay on schedule. As a result, bus operators are not allowed to take their thirty (30) minute meal break earned after each five (5) hours worked.  In

6

addition, Operators have specifically requested (30) minute meal breaks when Defendant's run design and schedule did not allow for one. Defendant has often denied those requests. Despite the requirements of California law, Defendant has failed to provide operators meal breaks.

30.     Time Records.  Defendant does not keep accurate records of the actual amount of above-referenced time worked by operators. Defendant's breach of their obligation to keep accurate records of such compensable time has resulted in a lack of accurate records to show exactly how much compensable time operators have spent in such time.  Plaintiff is unable to state with precision the amount of such time for which operators are uncompensated, but can reasonably estimate this time based on a review of documents that are in Defendant's sole and exclusive possession.  Plaintiff will establish good faith estimates of the amount of his uncompensated compensable time and damages after completing discovery and analyzing Defendant's evidence.

31.     Defendant's willful refusal to pay. Defendant's policies and practices alleged herein were willful and showed reckless disregard for the requirements of the FLSA. Defendant has failed to compensate Plaintiff and other Operators at the statutory rate of one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty hours per weeks when Defendant knew, or should have known, such was due.  Both before and after November 26, 2010, many Operators, including Plaintiff, inquired and complained to Defendant's management regarding such failure to comply with the FLSA (*i.e.*, not paying Operators for all meeting time, including without limitation for time spent in face-to-face meetings and for time spent reviewing various documents, and not paying Operators at time-and-a-half when such time causes total hours worked to exceed forty (40) hours in a week) and Defendant refused and failed to correct its practices to comply with the FLSA.  Moreover, Defendant's continuous failure, from November 26, 2010 to the present, to keep accurate records of such time worked further shows Defendant's reckless disregard for the requirements of the FLSA.  From November 26, 2010 to the present, Defendant has continuously failed to correct the violations described herein.  Plaintiff and the members of

7

the proposed class have been deprived of their legally mandated compensation for compensable time, as alleged herein, due to Defendant's willful refusal to pay Operators for all such compensable time.

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

32.     Plaintiff brings the First Cause of Action (for violations of the FLSA) as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated individuals defined as follows, and hereinafter referred to as the "FLSA Collection":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position in California at any time on or after November 26, 2010.

33.     Plaintiff and on behalf of other similarly situated Operators defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to pay for all hours worked plus applicable overtime and failing to accurately record all hours worked.  Named Plaintiff and the FLSA Collection are similarly situated, have performed substantially similar duties for Defendant, and are uniformly subject to and are currently being subjected to Defendant's uniform, class-wide payroll practices, including the policy of and practice of not compensating operators for compensable time as described herein. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiff may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

34.     The names and addresses of the individuals who comprise the FLSA Collection are available from Defendant.  Accordingly, Plaintiff herein prays for an Order requiring Defendant to provide the names and all available locating information for all members of the FLSA Collection, so notice can be provided regarding the pendency of this action, and of such individuals' right to opt-in to this action as party-Plaintiff.

35.     Plaintiff brings the Second through Eighth Causes of Action as an "opt-out" class action, defined initially as follows, and hereinafter referred to as the "California Class":

8

All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position in California at any time on or after November 26, 2010.

Excluded from the class are anyone employed by counsel for Plaintiff in this action, and any Judge to whom this action is assigned and his or her immediate family members.

36. Plaintiff brings the Ninth Cause of Action (the claims under § 17200 *et seq*.) as an "opt-out" class action, defined initially as follows, and hereinafter referred to as the "Section 17200 Class":

All individuals who are currently employed, or formerly have been employed, by Defendant(s) as a bus operator or in an equivalent position in California at any time on or after November 26, 2009.

Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any Judge to whom this action is assigned and his or her immediate family members.

37. <u>Numerosity</u>. Defendant has employed hundreds of individuals as operators during the relevant time periods.

38. <u>Existence and Predominance of Common Questions</u>. Common questions of law and/or fact exist as to the members of the proposed classes and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the proposed classes. The common questions include the following:

    a.  Whether Defendant's policy and practice of not compensating their operators for all meeting time violates California labor laws and/or the San Francisco Administrative Code;

    b.  Whether Defendant's policy and practice with respect to rest breaks and meal breaks, violates Wage Order No. 9 and/or the California Labor Code;

    c.  Whether Defendant's payroll policies and practices have violated California Labor Code;

    d.  Whether Defendant's practices have violated the UCL;

    e.  Whether the class members are entitled to unpaid wages, waiting time

9

penalties, and other relief;

    f.   Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiff and the class members; and

    g.   Whether Plaintiff and the proposed classes are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

39.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the proposed classes. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and the proposed classes to sustain the same or similar injuries and damages. Plaintiff's claims are therefore representative of and co-extensive with the claims of the proposed classes.

40.    <u>Adequacy</u>. Plaintiff is an adequate representative of the proposed classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the proposed classes.

41.    <u>Superiority</u>. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the proposed classes, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42.    In the alternative, the proposed classes may be certified because:

    a.   the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication

10

with respect to individual members of the proposed classes that would

establish incompatible standards of conduct for Defendant; and

Defendant has acted and/or refused to act on grounds generally applicable

to the proposed classes, thereby making appropriate final and injunctive

relief with respect to members of the proposed classes as a whole.

## FIRST CAUSE OF ACTION

### Violations of the Fair Labor Standards Act

### (By the FLSA Collection)

43.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

44.     At all material times, Plaintiff and all similarly situated operators who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

45.     The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime.  29 U.S.C. §§ 206, 207, 215.

46.     At all material times, the meeting time as described above is necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements.

47.     At all material times, Defendant has violated the FLSA by failing to pay operators for all meeting time, plus applicable overtime.

48.     At all material times, Defendant has violated the FLSA by failing to pay operators at one-and-one-half (1.5) times the regular rate of pay when an operator's total hours worked to exceed forty (40) hours in a week.

49.     Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by their operators.  29 U.S.C. § 211(c).

50.     Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy.  This uniform policy, in violation of the FLSA, has been

11

applied to all operators employed by Defendant.

51.     Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

52.     Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.  Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

53.     As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendant has unlawfully withheld compensation from Plaintiff and all similarly situated individuals.  Defendant are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Failure to Pay All Straight Time in Violation of California Labor Code and Wage Order No. 9**

**(By the California Class)**

54.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

55.     Plaintiff and the proposed California Class have been required by Defendant to work off-the-clock without compensation, in the form of meeting time, which is compensable work time, and Defendant are required by law to pay operators for this time. By failing to compensate operators for all meeting time, Defendant has violated Wage Order No. 9 and California Labor Code §§ 510, 1194, 1197, 1198 and 1199.

56.     Pursuant to Wage Order No. 9 and California Labor Code §§ 1194 and 1198, Plaintiff and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, liquidated

12

damages in an amount equal to the unpaid minimum wages, plus reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**Failure to Provide Itemized Wage Statements in Violation of California Labor Code § 226 and Wage Order No. 9**

**(By the California Class)**

57.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

58.     Defendant has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiff and members of the proposed California Class in accordance with California Labor Code § 226 and Wage Order No. 9.  The wage statements that Defendant has provided to its operators, including Plaintiff and the proposed California Class members, do not accurately reflect the actual hours worked and wages earned, because they do not include the appropriate amount of time regarding meeting time.

59.     Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff and members of the proposed California Class in accordance with the California Labor Code and the applicable Wage Orders has been knowing and intentional.  Accordingly, Defendant is liable for damages and penalties under Labor Code § 226.

### FOURTH CAUSE OF ACTION

**Waiting Time Penalties Under California Labor Code §§ 201, 202, and 203**

**(By the California Class)**

60.     Plaintiff incorporate by reference all paragraphs above as if fully set forth herein.

61.     California Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code § 202(a) requires an employer to pay compensation due and owing within seventy-two (72) hours of an employee's termination of employment by resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation

13

promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

62.     Certain members of the proposed California Class are no longer employed by Defendant but have not been paid full compensation for all hours worked, as alleged above. They are entitled to unpaid compensation for all hours worked in the form of meeting time and unpaid overtime for which to date they have not received compensation.

63.     Defendant has failed and refused, and continue to willfully fail and refuse, to timely pay compensation and wages to the Plaintiff and members of the proposed California Class whose employment with Defendant have terminated, as required by California Labor Code §§ 201 and 202.  As a direct and proximate result, Defendant is liable to Plaintiff and proposed California class members for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203, together with interest thereon.

64.     WHEREFORE, pursuant to Labor Code §§ 218, 218.5, and 218.6, Plaintiff and Class members are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, interest thereon, reasonable attorneys' fees, and costs of suit.

### FIFTH CAUSE OF ACTION

**Failure To Pay all Wages Owed Every Pay Period Under California Labor Code § 204**

**(By the California Class)**

65.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

66.     At all times relevant during the liability period, Plaintiff and the other members of each Class were employees of Defendant covered by Labor Code § 204.

67.     Pursuant to Labor Code § 204, Plaintiff and members of each Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

68.     Defendant failed to pay Plaintiff and other similarly situated employees all wages earned each pay period. Plaintiff are informed, believe, and thereon allege, that at all

14

times relevant during the liability period, Defendant maintained a policy or practice of not paying Plaintiff and other similarly situated employees, overtime wages for all overtime hours worked.

69.     As a result of Defendant's unlawful conduct, Plaintiff and members of each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Plaintiff but can be determined directly from Defendant's records or indirectly based on information from Defendant's records.

70.     WHEREFORE, pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiff and members of the Class are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

**Failure to Allow Meal Periods Pursuant to Labor Code § 226.7 and** Wage Order No. 9

**(By the California Class)**

71.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

72.     Wage Order No. 9  provides that employees are entitled to a thirty (30) minute meal period for every five (5) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each meal period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over five (5) hours per shift without receiving a thirty (30) minute meal period and/or being permitted to take such meal period.

73.     As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9 Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable, including premium pay for each missed meal break, plus reasonable attorneys' fees and costs, waiting time penalties to those employees no longer employed by Defendant, as well as any

15

penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

### SEVENTH CAUSE OF ACTION

**Failure to Allow Rest Breaks Pursuant to Labor Code § 226.7 and** Wage Order No. 9

**(By the California Class)**

74.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

75.     Wage Order No. 9 provides that employees are entitled to a paid ten (10) minute rest period  for every four (4) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each rest period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over four (4) hours per shift without receiving a paid ten (10) minute rest period and/or being permitted to take such rest break.

76.     As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9, Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable, including premium pay for each missed rest break, plus reasonable attorneys' fees and costs, waiting time penalties to those employees no longer employed by Defendant, as well as any penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

### EIGHTH CAUSE OF ACTION

**Failure to Pay the Minimum Wage for All Hours Worked in Violation of San Francisco**

**Administrative Code § 12**

**(By the California Class)**

77.     Plaintiff incorporates by reference the above listed paragraphs as if fully set forth herein.

78.     Plaintiff and the proposed California Class have been required by Defendant to work off-the-clock without compensation, in the form of meeting time, which is compensable work time, and Defendant are required by law to pay operators for this time. By failing to

16

compensate operators for all hours worked, Defendant has violated San Francisco Administrative Code § 12R.

79.     Pursuant to San Francisco Administrative Code, Plaintiff and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, plus penalties as well as reasonable attorneys' fees and costs.

80.     WHEREFORE, Plaintiff and other Class members are entitled to equitable relief, including restitution, attorneys' fees and costs, prejudgment interest, declaratory relief, and a permanent injunction enjoining Defendant from its unlawful and/or unfair activity.

## NINTH CAUSE OF ACTION

**Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.***

**(By the Section 17200 Class)**

81.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

82.     Plaintiff brings this claim on behalf of himself and all others similarly situated in his representative capacity as a private attorney general against Defendant and Does 1 through 20, for their unlawful business acts and/or practices pursuant to the UCL which prohibits all unlawful business acts/or practices.

83.     Plaintiff assert these claims as he is representative of an aggrieved group and as a private attorney general on behalf of the General Public and other persons who have been exposed to Defendant's unlawful acts and/or practices and are owed wages that the Defendant should be required to pay or reimburse under the restitutionary remedy provided by the UCL.

84.     Defendant's failure to properly pay for all hours worked, failure to pay overtime, failure to pay all wages when they were due and upon termination, failure to provide accurate and itemized wage statements, as alleged above, constitutes unlawful and/or unfair business acts and/or practices within the meaning of the UCL.

85.     As a result of its unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and Class

17

members. Defendant should be enjoined from this activity and provide restitution by restoring to Plaintiff and the other Class members the wrongfully withheld wages.

86.     The acts and practices alleged in the preceding paragraphs occurred in connection with Defendant's conduct of trade and commerce in California.

87.     Defendant's misconduct as alleged herein gave Defendant an unfair competitive advantage over its competitors.

88.     As a direct and proximate result of the aforementioned acts, Defendant, Does 1-20, and each of them, received and continues to hold monies which Plaintiff and the other Class members have a possessory interest in.

89.     Defendant's conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendant's respective businesses, and thereby constitutes violations of the UCL.  Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous, and substantially injurious.

90.     Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

**TENTH CAUSE OF ACTION**

**PAGA CLAIMS, California Labor Code § 2699(a), (f)**

**(By the California Class)**

91.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

92.     Under PAGA, "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." California Labor Code § 2699(a).

93.     PAGA also provides: "For all provisions of this code except those for which a

18

civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." California Labor Code § 2699(f)(1)-(2).

94.     Plaintiff brings this action under PAGA individually and as a representative suit on behalf of all current and former employees pursuant to procedures in Labor Code § 2699.3 or in the alternative as a class action as alleged above.

95.     Plaintiff satisfied the pre-filing notice and exhaustion of administrative remedies requirement under Labor Code section 2699.3(a).

96.     As alleged above, Defendant has violated several provisions of the California Labor Code, including but not limited to Labor Code §§ 201, 202, 203, 510, 218.5, 218.6, 226.3, 226(a), 510, 558, 1194, 1197, 1198, 1199, and Wage Order No. 9, for which Plaintiffs seek recovery of civil penalties under Labor Code §§ 2698 and 2699(f).

97.     WHEREFORE, Plaintiffs seek penalties and interest as allowed by law, costs of suit, and any further relief that the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a) For an order certifying that the First Cause of Action of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendant identify all members of the FLSA Collection and to provide all locating information for members of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising them of the pendency of this action and their opportunity to file Consents to Become Party Plaintiff thereto.

b) For an order certifying that the Second through Ninth Causes of Action of this Complaint may be maintained as a class action on behalf of a class as defined

herein and that notice of the pendency of this action be provided to members of the California Class;

c) For an order certifying that the Tenth Cause of Action of this Complaint may be maintained as a class action on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the Section 17200 Class;

d) For an order designating Plaintiff as class representatives for both the FLSA and California state law claims and Plaintiff' attorneys as counsel for both the FLSA Collection and the proposed classes;

e) For an order awarding Plaintiff, the FLSA Collection, and the California Class compensatory damages and statutory damages (including liquidated damages on the FLSA claim), including unpaid wages, overtime compensation, and all other sums of money owed, together with interest on these amounts;

f) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, and agents, from committing the violations of law herein alleged in the future;

g) For a declaratory judgment that Defendant has violated the FLSA and California Labor Law and public policy as alleged herein;

h) For an order imposing all statutory and/or civil penalties provided by law, together with interest on these amounts;

i) For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

j) For all unpaid overtime wages due to Plaintiff and each Class member;

k) For an order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL;

l) Disgorgement of profits;

m) For an order awarding restitution of the unpaid regular, overtime, and premium wages due to Plaintiff and Class members;

n) For pre- and post-judgment interest;

1    o)  For an award of reasonable attorneys' fees as provided by the FLSA, California

2         Labor Code §§ 226(e) and 1194; California Code of Civil Procedure § 1021.5;

3         and/or other applicable law;

4    p)  For all costs of suit; and

5    q)  For such other and further relief as the Court deems just and proper.

6  DATED:  May 21, 2014                    Respectfully submitted,

7                                          THE TIDRICK LAW FIRM

8                                    By:   /s/ Steven G. Tidrick

9                                          STEVEN G. TIDRICK, SBN 224760

10                                         STEVEN G. TIDRICK, SBN 224760
                                           JOEL B. YOUNG, SBN 236662

11                                         THE TIDRICK LAW FIRM
12                                         2039 Shattuck Avenue, Suite 308
                                           Berkeley, California  94704
13                                         Telephone:  (510) 788-5100
                                           Facsimile:   (510) 291-3226
14                                         E-mail:     sgt@tidricklaw.com
                                           E-mail:     jby@tidricklaw.com

15                                         Attorneys for Individual and Representative
16                                         Plaintiff Harold C. Robinson, Jr.

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT
*Robinson v. Open Top Sightseeing San Francisco, LLC*, Case No. 14-cv-00852-PJH

1

### DEMAND FOR JURY TRIAL

2   Plaintiff in the above-referenced action, on his own behalf and on behalf of all persons

3   he seeks to represent, hereby demands a trial by jury on all counts.

4   DATED:  May 21, 2014                    Respectfully submitted,

5                                            THE TIDRICK LAW FIRM

6                                   By:  /s/ Steven G. Tidrick

7                                            STEVEN G. TIDRICK, SBN 224760
8                                            JOEL B. YOUNG, SBN 236662

9                                            THE TIDRICK LAW FIRM
                                             2039 Shattuck Avenue, Suite 308
10                                           Berkeley, California  94704
                                             Telephone:  (510) 788-5100
11                                           Facsimile:   (510) 291-3226
                                             E-mail:       sgt@tidricklaw.com
12                                           E-mail:       jby@tidricklaw.com

13                                           Attorneys for Individual and Representative
                                             Plaintiff Harold C. Robinson, Jr.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT
*Robinson v. Open Top Sightseeing San Francisco, LLC*, Case No. 14-cv-00852-PJH