1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    HAROLD C. ROBINSON, et al.,

8                Plaintiffs,                    Case No. 14-cv-0852-PJH

9        v.
                                                **ORDER GRANTING MOTION FOR
10   OPEN TOP SIGHTSEEING SAN                    CLASS CERTIFICATION UNDER RULE
     FRANCISCO, LLC,                             23(B)(2)**
11
                Defendant.
12

13

14       Before the court is plaintiffs' motion for class certification under Rule 23(b)(2).  The

15   court has already granted class certification under Rule 23(b)(3), but because plaintiffs

16   seek injunctive relief in addition to monetary damages, the court required them to

17   separately seek certification under Rule 23(b)(2).

18       In the order granting class certification under Rule 23(b)(3), the court already

19   addressed the Rule 23(a) factors, and found that they all were met.  See Dkt. 95.

20   However, defendant raises a new challenge in response to this motion, arguing that

21   plaintiffs have not sufficiently established numerosity for the proposed injunctive relief

22   class.  Defendant explains that the Rule 23(b)(3) class includes both current and former

23   employees, whereas the proposed Rule 23(b)(2) class includes only current employees,

24   and while the (b)(3) class is made up of at least 88 individuals, the (b)(2) class is

25   "substantially smaller."

26       In their reply, plaintiffs argue that the size of the proposed (b)(2) class is not fixed,

27   because the number of current employees is higher during "peak season" (when it

28   includes 26 individuals) than it is during the "off season" (when it includes 14 individuals).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiffs argue that Rule 23(a) requires consideration of "more than mere numbers," and

2    set forth the following factors for the court to consider:  (1) any injunctive relief would

3    benefit not only current employees, but also future employees, (2) the putative class

4    members are low wage workers with limited financial resources and thus limited ability to

5    institute individual suits, (3) certification would avoid a multiplicity of actions and promote

6    judicial economy, and (4) the aforementioned fluctuation in class size would make joinder

7    impracticable.

8           The court finds that the numerosity requirement has been sufficiently established.

9    In particular, because class certification has already been granted under Rule 23(b)(3),

10   and because conditional certification of a FLSA collective action has also been granted

11   (see Dkt. 51), it would be a waste of judicial and party resources to require the putative

12   (b)(2) class members to proceed individually.  Accordingly, the court finds that the

13   numerosity requirement is met.

14          Turning to the requirement of Rule 23(b)(2), that "the party opposing the class has

15   acted or refused to act on grounds that apply generally to the class, so that final

16   injunctive relief or corresponding declaratory relief is appropriate respecting the class as

17   a whole," plaintiffs offer three bases for meeting that requirement:  (1) defendant's policy

18   of not paying overtime applies to every bus operator, (2) defendant's pay stubs are

19   standardized documents provided to every bus operator, and (3) defendant's failure to

20   pay proper wages at termination applies to every bus operator.  The court finds that any

21   one of these reasons is enough to satisfy Rule 23(b)(2).

22          In its opposition brief, defendant challenges two other aspects of plaintiffs' motion.

23   First, it argues that the proposed class definition – "all people employed by Open Top

24   Sightseeing San Francisco, LLC in California as bus operators, excluding anyone

25   employed by counsel for plaintiff in this action, and any judge to whom this action is

26   assigned and his or her immediate family members" – is overbroad, and requests that the

27   phrase "all people employed" be changed to "all people currently employed."  The court

28   finds this proposed change unnecessary.

Second, defendant requests that separate notices be sent to the (b)(2) class and to the (b)(3) class.  The court finds that requiring separate notices would entail unnecessary cost, and has the potential to confuse individuals who receive both notices. Thus, the court finds that the language proposed in plaintiffs' reply brief can simply be added to the notice that will be sent to the Rule 23(b)(3) class.

For the foregoing reasons, plaintiffs' motion for class certification under Rule 23(b)(2) is GRANTED.

The court will conduct a case management conference on **May 5, 2016** at **2:00 p.m.**

**IT IS SO ORDERED.**

Dated:  March 28, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge