# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD C. ROBINSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC <br><br> Defendant. | Case No. 14-cv-0852-PJH <br><br> **FINAL PRETRIAL ORDER** |

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.

I. <u>MOTIONS IN LIMINE</u>

    A.    Plaintiffs' Motion in Limine No. 1

Plaintiffs' first motion in limine to exclude all evidence regarding issues on which summary judgment has already been entered is GRANTED in part and DENIED in part. Defendant does not oppose this request to the extent that defendant is still permitted to introduce evidence that supports defendant's defense that its failure to pay overtime wages was in a good faith belief that the Motor Carrier Act exemption applied. This is relevant to the willfulness issue and, thus, to the extent that plaintiff seeks to exclude this evidence, Plaintiffs' Motion in Limine No. 1 is DENIED. In all other respects the motion is GRANTED.

    B.    Plaintiffs' Motion in Limine No. 2

Plaintiffs' second motion in limine to exclude evidence regarding non-pleaded affirmative defenses is GRANTED as unopposed.

C. Plaintiffs' Motion in Limine No. 3

Plaintiffs' third motion in limine to preclude defendant from calling any fact witness other than Andrew Smith and Keith Affolter is DENIED. Defendant objects only to the extent it plans to call witnesses Jamie White and Eddie Chavez. Defendant may call Jamie White to testify, and Eddie Chavez may testify so long as defendant produces him for deposition prior to trial. Defendant may also, of course, call unidentified witnesses for impeachment purposes.

D. Plaintiffs' Motion in Limine No. 4

Plaintiffs' fourth motion in limine to exclude "meal break" forms that purport to be signed acknowledgements that a "meal break" was received is GRANTED as unopposed.

E. Plaintiffs' Motion in Limine No. 5

Plaintiffs' fifth motion in limine to exclude evidence related to "Greenroad" GPS and key fob data is DENIED. This evidence is relevant to determining whether an employee has taken a rest break.

F. Plaintiffs' Motion in Limine No. 6

Plaintiffs' sixth motion in limine to exclude documents and data not disclosed in defendant's Fed. R. Civ. P. 26 disclosure, including documents reflecting advice of counsel or contract with a government entity regarding defendant's Fair Labor Standards Act (the "FLSA") obligations is GRANTED as unopposed.

G. Plaintiffs' Motion in Limine No. 7

Plaintiffs' seventh motion in limine to exclude testimony regarding advice sought or received from counsel or a government entity is GRANTED as unopposed.

H. Plaintiffs' Motion in Limine No. 8

Plaintiffs' eighth motion in limine to exclude testimony regarding damages in amounts other than those in defendant's expert report is DENIED. Objections to improper expert testimony by a fact witness may be raised at trial.

I. Plaintiffs' Motion in Limine No. 9

Plaintiffs' ninth motion in limine to preclude defendant from offering evidence that defendant informed operators that they would not be paid overtime is DENIED. This evidence is relevant because it could support the claim that defendant believed, in good faith, that overtime pay was not required by law.

J. Plaintiffs' Motion in Limine No. 10

Plaintiffs' tenth motion in limine to exclude evidence of operators' unsatisfactory work performance or criminal history is DENIED. Such evidence may be admissible under the Federal Rules of Evidence for impeachment purposes.

K. Defendant's Motion in Limine No. 1

Defendant's first motion in limine to exclude evidence regarding the overtime practices of Open Top's sister companies is DENIED. This evidence is relevant to defendant's knowledge of the FLSA requirements.

L. Defendant's Motion in Limine No. 2

Defendant's second motion in limine to exclude evidence regarding the rest break practices of Open Top's sister companies is GRANTED as unopposed.

M. Defendant's Motion in Limine No. 3

Defendant's third motion in limine to exclude evidence of plaintiff's' complaints with the National Labor Relations Board is GRANTED as unopposed.

N. Defendant's Motion in Limine No. 4

Defendant's fourth motion in limine to exclude evidence of any other employment claims against Open Top is GRANTED as unopposed.

II. EXCERPTS OF VIDEOTAPED DEPOSITIONS

At the pretrial conference, plaintiffs indicated that they planned to use videotaped deposition testimony rather than calling Andrew Smith, Keith Affolter, and Filippo Amoroso. This request is GRANTED for the reasons and with the qualifications stated below.

Regarding witnesses Smith and Affolter, defendant has made no objection, and

parties are permitted to present excerpts of videotaped depositions of certain fact witnesses under Fed. R. Civ. P. 32(a). This includes the videotaped deposition of "a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(c)(3). Both Smith, defendant's general manager and Rule 30(b)(6) designee, and Affolter, defendant's Assistant of Operations, fall under subsection (c)(3). Therefore, plaintiffs are permitted to play videotaped excerpts of Smith and Affolter's deposition testimony.

At the pretrial conference, plaintiffs indicated that a Federal Rule of Civil Procedure allows the presentation of excerpts of the videotaped deposition of Amoroso, defendant's designated expert witness. Defendant does not object to plaintiffs' plan. While the use of videotaped expert testimony is not specifically contemplated by Rule 32, it appears to be allowable under subsection (a)(2), which states that "[a]ny party may use a deposition . . . for any other purpose allowed by the Federal Rules of Evidence." For this reason, plaintiffs are also permitted to play excerpts of Amoroso's videotaped deposition testimony.

However, seven days before the beginning of trial, plaintiffs must provide defendant with any videotaped deposition testimony that plaintiffs intend to use at trial. Further, as the court stated during the pretrial conference, plaintiffs are prohibited from both calling a witness and presenting excerpts of that witness's videotaped deposition to support plaintiffs' case in chief. Plaintiffs are, of course, permitted to do so for rebuttal or impeachment purposes.

Finally, parties are reminded that in accordance with Fed. R. Civ. P. 32(c) and as stated at the pretrial conference, only videotaped deposition testimony may be presented to the jury, transcripts may be used only for impeachment purposes.

III. VOIR DIRE

As discussed at the pretrial conference, the court will include joint questions 1, and joint questions 5-10 in its jury questionnaire. Parties will receive twenty minutes per side to ask additional questions, these additional questions may include joint questions 2, and

4

joint questions 11-13.  The court will not permit parties to ask plaintiffs' three proposed questions, which are vague or inappropriate.

IV.  JURY INSTRUCTIONS

    a.  Joint Instructions

At the pretrial conference, the court indicated its inclination on the record to accept the parties' jointly submitted jury instructions, but will rule definitively on these instructions at the charge conference before the conclusion of the trial.  This joint set of instructions, subject to alteration at the charge conference, will be used in addition to the standard pattern instructions routinely used by the court.

    b.  Separate Instructions

The five jury instructions that remain relate to the following: case-specific instructions, stipulations of fact, whether Open Top's failure to pay overtime was willful in violation of the FLSA, whether Open Top failed to provide rest breaks, and representative testimony.

The parties' stipulations of fact only differ on (8) (expert damage calculations) and (9) (defendant's reason for never paying for missed rest breaks).  Defendant agreed to plaintiffs version of both of these in the joint pretrial statement.  At the pretrial conference, defendant did not provide any reason it should be allowed to renege on that agreement.  Plaintiffs' Stipulation of Fact jury instruction is, therefore, approved.

The court approves defendant's jury instruction related to whether Open Top's failure to pay overtime was willful in violation of the FLSA.  The parties' jury instructions are identical except that plaintiffs have included a paragraph enumerating facts that allegedly prove that the defendant acted willfully.  Plaintiffs' authority does not address the inclusion of such a paragraph in jury instructions.  The court finds that the inclusion of the disputed paragraph is more likely to confuse than help the jury.  This is both because the jury could find willfulness without the presence of any of the enumerated facts, and because the enumerated  facts may not be dispositive with respect to defendant's willfulness.

At the pretrial conference, plaintiffs argued that under the Private Attorney General Act ("PAGA"), any member of the FLSA class could also recover in a representative action for the rest break violations. Defendant argued that only named plaintiffs may recover for PAGA violations for the rest break claim. The outcome of this issue is dispositive not only with respect to the rest break and representative testimony instructions, but also with respect to the parties' case-specific instructions, which differ only on this issue.

During the pretrial conference, plaintiffs represented that "the only relief that plaintiffs are seeking on the rest break claims are penalties under PAGA" and that plaintiffs only seek penalties for 15 operators who are willing and prepared to testify. Transcript of Proceedings at 9-10, Sept. 7, 2017. Given this representation and after reviewing the parties' supplemental briefing on this issue, the court holds that plaintiffs may pursue the rest break claims for fifteen (15) individuals who have filed consent forms to opt-in to the FLSA collective action. Plaintiffs may also use representative testimony to support the alleged PAGA rest break violations.

The parties are ordered to submit revised jury instructions in accordance with this order. As with the joint instructions, the court will rule definitively on the separate instructions at the charge conference before the conclusion of the trial.

V. <u>VERDICT FORM</u>

As with the jury instructions, many of the parties' proposed verdict form questions are identical. Specifically plaintiffs' proposed questions 1, 4, and 5 match defendant's questions 1, 55, and 56. These questions are approved subject to any definitive ruling made at the charge conference before the conclusion of trial.

Plaintiffs' verdict form questions 2 and 3 and defendant's questions 2-54 are at odds only as to whether non-Class Representative FLSA class members may recover PAGA damages despite no corresponding class certification. As discussed above, the weight of authority supports plaintiffs' position. Plaintiffs' verdict questions 2-3 are therefore approved. Plaintiffs, however, are ordered to submit a revised version that

6

reflects that plaintiffs are seeking PAGA penalties for rest break violations as to only fifteen individuals. The revised questions will be subject to any definitive ruling made at the charge conference before the conclusion of trial.

## VI. PLAINTIFFS' REQUEST FOR A BIFURCATED TRIAL

Plaintiffs' motion to bifurcate the trial is GRANTED as unopposed. The first phase of trial will be conducted before a jury and shall address the following issues:

- Whether defendant's federal FLSA violation was willful;
- Whether defendant has failed to provide fifteen operators with ten (10) minute rest breaks earned after each four (4) hours worked or major fraction thereof; and
- Whether defendant failed to provide accurate wage statements.

The second phase will be a bench trial and shall address the following issues:

- Whether defendant is liable under PAGA;
- All damages amounts; and
- Injunctive relief.

## VII. TRIAL SCHEDULE AND TIME LIMITS

The duration of the trial shall be 7 days commencing on Monday, October 2 (Monday, Tuesday, Thursday, and Friday, from 8:30 a.m. to 1:30 p.m., with two 15-minute breaks each day). Jury selection will occur on the first day, as will opening statements and as much of the presentation of evidence as possible by 4:00 p.m. There will be approximately 30 hours of trial time, of which 17 hours will be allotted for plaintiff and 13 hours for defendant. Final jury instructions and deliberations are not included within this allotment.

The bench trial that will address remaining issues regarding the calculation of damages and whether injunctive relief is appropriate will be held on Thursday, October 26 from 8:30 a.m. to 4:30 p.m. Time will be split evenly.

## VIII. FINAL COMMENTS

As mentioned above, the parties are to submit the revised jury instructions and

revised verdict forms. These revised versions should be submitted by September 25, 2017.

**IT IS SO ORDERED.**

Dated: September 14, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge