1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   HAROLD C. ROBINSON, et al.,
8                  Plaintiffs,                          Case No.  14-cv-00852-PJH
9          v.                                           **NOTICE RE EXHIBIT 11**
10  OPEN TOP SIGHTSEEING SAN
    FRANCISCO, LLC, et al.,
11
                   Defendants.
12
13

14          Because the parties are familiar with the procedural history of this matter, the court

15  does not repeat it here.

16          As relevant, on October 10, 2017, the court conducted a bench trial that was set to

17  address defendant's liability under the Private Attorney General Act, total damages, and

18  whether injunctive relief should issue.  During that bench trial, plaintiffs moved to admit

19  an "Exhibit 11"[1] into evidence.  See Oct. 10, 2017, Tr. at  56:25-57:8.  Exhibit 11, as

20  explained by plaintiffs' counsel, contains "hundreds of electronic payroll records" "that the

21  expert relied upon."  Id. at 57:4-20.  Despite plaintiffs admitting that the records were

22  voluminous, at trial, plaintiffs did not provide a summary of Exhibit 11 through a summary

23  witness or otherwise.  The parties, however, did stipulate to the authenticity and

24  admissibility of these records, see Dkt. 165 at 4:16-17, see also Oct. 10, 2017, Tr. 59:8-

25  23, and defendant did not object to the expert's reliance on the exhibit, see Oct. 10, 2017,

26  Tr. 59:18-23.

27

28  [1] This exhibit number was provided as part of plaintiffs' trial exhibit list submission on
    August 17, 2017.  Dkt. 180.

At trial, the court neither explicitly admitted nor refused to admit Exhibit 11 into evidence.  Id. at 56:25-59:24.

In reviewing the evidence and submissions made in this matter, the court found an electronic copy of Exhibit 11 that plaintiffs lodged with the court on August 17, 2017, pursuant to the Court's Case Management and Pretrial Order.  Dkt. 180.

After considering the parties arguments and the evidence admitted at trial, and after having reviewed Exhibit 11, the court is now inclined to admit Exhibit 11 into evidence.  As no summary was submitted and no testimony was provided by either of plaintiffs' two witnesses about this exhibit, the court will rely on it only to the extent the court understands its contents.  Much of it makes no sense to the court without a context having been provided, but some of it adds to the court's understanding of the evidence that was presented.

Because the parties have previously stipulated to Exhibit 11's authenticity and admissibility, the court sees no prejudice to either party.

Either party may file an objection, no longer than three pages, to the admission of Exhibit 11 into evidence within seven (7) days of this order.  The parties' objections, if any, should not include additional argument about any other subject.  Nor is this an invitation for either party to now attempt to summarize the contents of Exhibit 11.

**IT IS SO ORDERED.**

Dated: November 17, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge