UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD C. ROBINSON, et al.,<br>　　Plaintiffs,<br>　　v.<br>OPEN TOP SIGHTSEEING SAN FRANCISCO, LLC,<br>　　Defendants. | Case No. 14-cv-00852-PJH<br><br>**JUDGMENT** |

　　This action came before the court for a bifurcated trial. A trial by jury was held on October 2, 2017, with the undersigned judge presiding. On October 5, 2017, the jury rendered a verdict against defendant Open Top Sightseeing San Francisco, LLC ("Open Top") and in favor of plaintiffs that Open Top's violation of the Fair Labor Standards Act ("FLSA") was willful, and that Open Top knowingly and intentionally failed to provide plaintiffs with accurate wage statements because the operators' wage statements failed to set forth the applicable overtime worked and Open Top's full legal name. The jury also rendered a verdict in favor of defendant and against plaintiffs that Open Top did not fail to provide plaintiffs with rest breaks.

　　A bench trial addressing damages and penalties was held before the undersigned judge on October 10, 2017. The court found the following:

　　Plaintiffs take nothing under California Labor Code § 226.7 because Open Top did not fail to provide rest breaks to class members.

　　The parties having stipulated that the UCL overtime restitution amount for plaintiffs claim brought under California Business and Professions Code § 17200 is $410,000, the

court awards plaintiffs $410,000.

The court awards prejudgment interest totaling $130,217.26 on plaintiffs UCL overtime restitution.

The court granted plaintiffs' motion for summary judgment on Open Top's liability on the overtime claim under the FLSA and for liquidated damages under the same. However, plaintiffs' FLSA overtime award is subsumed by the UCL overtime restitution and plaintiffs did not present sufficient evidence during the bench trial to support a liquidated damages award. Plaintiffs therefore take nothing for their FLSA cause of action.

The jury verdict found that Open Top failed to provide plaintiffs with accurate wage statements as required by California Labor Code § 226 because the wage statements did not include applicable overtime worked or Open Top's full legal name. Plaintiffs take nothing under the latter theory because no argument was presented. The court, however, finds that Open Top violated § 226 one hundred twenty-eight times by failing to include applicable overtime in plaintiffs' wage statements, for total statutory penalties of $6,400. The court also awards plaintiffs $12,800 in civil penalties under California Labor Code § 2699(f)(2) based on the § 226 violations. Penalties recovered under § 2699(f)(2) should be distributed in accordance with § 2699(j).

The court granted plaintiffs' motion for summary judgment on Open Top's liability under California Labor Code § 203. The court awards plaintiffs $311,417 under § 203, as supported by plaintiffs' expert's testimony. Plaintiffs take nothing under § 2699 based on Open Top's violations of § 203 because § 2699 is not the applicable civil penalty statute.

The court finds there is no basis to issue injunctive relief.

Consequently,

it is Ordered, Adjudged and Decreed

that judgment be entered in favor of plaintiffs in accordance with the above in the amount of $870,834.26 and against defendant Open Top. Any party may file their/its application for fees and costs associated with only those claims for which they/it were the

prevailing party, pursuant to and as provided by applicable statutes and rules.

**IT IS SO ORDERED.**

Dated: February 14, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge